THEODORE F. LAMKE *vs.* THE HARTY BROTHERS TRUCKING COMPANY.

Third Judicial District, New Haven, June Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

In an action for damages resulting from a collision between automobiles, it appeared that the plaintiff was traveling southerly along the westerly side of a city street, that the driver of the defendant's truck was traveling northerly along the easterly side of the same street, and that as both approached the intersection of this street with another which enters it from the east but does not cross it, the defendant's driver suddenly and without warning drove his truck from the easterly to the westerly side of the street and into the plaintiff's truck. The defendant claimed to have proved that just as its truck reached the intersecting street a truck owned by S, suddenly and without warning, appeared in front of it, coming from the left-hand side of the intersecting street. The defendant now complains because the court in its charge to the jury read the statutory rule defining the conduct of operators of vehicles when approaching the intersection of a street, without giving the definition made by this court of the term "arriving at such intersection at approximately the same instant," wherein we pointed out the circumstances under which an operator of an automobile may in the exercise of due care pass in front of another automobile which is approaching the intersection from the right, but has not yet reached it. *Held* that the facts claimed to have been proved by the defendant showed only that its truck and the S truck arrived at the intersection at approximately the same instant, and hence that there was no occasion for the statement of anything other than the duty, sufficiently explained by the terms of the statute, of the defendant's driver to give the right of way to the S truck.
The court, in view of the apparent intent of the defendant's driver to pass to the left of the S truck, and to the right of the plaintiff's truck, read to the jury, without explanation, the statute defining the conduct of a driver of a vehicle when meeting and passing, or overtaking and passing, another in the highway. *Held* that there was no error, since there was no occasion for a more or less elaborate explanation of this statue, which was not the basis of the action, but was stated merely in order to present all the surrounding circumstances of the collision, and which is plain in meaning and requires no definition.

Submitted on briefs June 7th—decided July 22d, 1921.

ACTION to recover damages for injuries to the person and property of the plaintiff, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Kellogg, J.;* verdict and judgment for the plaintiff for $3,500 damages, from which the defendant appealed. *No error.*

*Samuel E. Hoyt,* for the appellant (defendant).

*Francis P. Guilfoile,* for the appellee (plaintiff).

CURTIS, J. The defendant claims that the charge of the court was erroneous and not adequate and sufficient for the guidance of the jury under the facts claimed to have been proved, because the court failed to define with particularity the meaning of two statutory rules of conduct which it read to the jury.

It is undisputed that the automobile truck of the plaintiff was traveling southerly on the westerly side of North Elm Street in Waterbury, and was approaching the intersection of Cherry Avenue, which enters North Elm Street from the east but does not cross it; and that at the same time an automobile truck of the defendant was traveling northerly on the easterly side of North Elm Street and approaching Cherry Avenue. The two automobile trucks came into collision on the westerly side of North Elm Street. The plaintiff alleged that the collision was caused by the driver of the defendant's truck driving it at a reckless rate of speed, and by his driving the truck suddenly and without warning from the easterly to the westerly side of North Elm Street into the truck of the plaintiff.

There was no controversy that the driver of the defendant's truck did turn his truck sharply from the easterly to the westerly side of North Elm Street, where a collision with the plaintiff's truck occurred.

The defendant claimed that the driver of his truck was compelled to turn sharply to his left across North Elm Street by the negligent conduct of the driver of an automobile truck owned by Silver Brothers, which came into North Elm Street from Cherry Avenue from the right of the defendant's truck just as it reached the intersection of Cherry Avenue with North Elm Street. The defendant claimed to have proved: "That just as its truck reached said Cherry Avenue, and shortly after sounding the signal or warning, a truck owned by Silver Brothers, suddenly and without warning, appeared in front of it, and said Silver Brothers' truck came upon the left-hand side of said Cherry Avenue and was about to strike the defendant's truck, and that in order to avoid an accident, the driver of the defendant's truck steered sharply to the left."

Under these meagre facts as to the truck of Silver Brothers coming into North Elm Street from Cherry Avenue and the defendant's claim that the negligence of Silver Brothers' driver was the cause of the collision, the court, in order to put before the jury all the relevant surrounding circumstances bearing on the conduct of the defendant's driver, deemed that it was required to charge the jury as to the statutory rule of conduct of the drivers of trucks when approaching the intersection of a street. The court read the statutory rule as follows: "Every driver and operator of a vehicle approaching the intersection of a street or public highway shall grant the right of way at such intersection to any vehicle approaching from his right, provided such vehicles are arriving at such intersection at approximately the same instant." Public Acts of 1919, Chap. 202, § 2.

The defendant claims that the definition of the term "arriving at such intersection at approximately the same instant," as given in *Neumann* v. *Apter*, 95 Conn. 695, 701, 112 Atl. 352, should have been given to the

jury in order to make the charge adequate to the issue. This definition, in so far as pertinent, reads as follows: "The driver of an automobile, approaching the intersection of two highways or streets, . . . must, when an automobile is approaching such intersection from his right, give such approaching automobile the right to cross the intersection before him, if a man of ordinary prudence in his situation, in the exercise of due care, would reasonably believe that if the two automobiles continued to run at the rate of speed at which they are then running, such continuance of their course would involve a risk of collision. In such case they are arriving at such intersection at approximately the same instant. If, on the contrary, a man of ordinary prudence in such situation, in the exercise of due care, would reasonably believe that if the two automobiles continued to run at the rate of speed at which they are then running, such continuance would not involve the risk of a collision but would carry his automobile across the intersection of the highways or streets in safety in front of an automobile approaching from his right, then the automobile from the left would not be negligent in crossing the intersection in front of the automobile approaching from the right."

This definition presupposes that the jury have before them evidence tending to prove the conduct of the driver of an automobile as he was approaching an intersection, coupled with what the driver saw, or should have seen, of the approaching automobile on the other street. In short, all the surrounding facts which would permit a finding by the jury of what a man of ordinary prudence in the situation of the driver in question would, in the exercise of due care, reasonably believe as to the risk of a collision being involved if he proceeded into the intersection at the rate of speed that he was traveling.

The meagre facts as to the Silver Brothers' truck (given above), which the defendant claimed to have proved, afforded no basis for such a finding by the jury. The facts claimed to have been proved only show that the defendant's truck and the Silver Brothers' truck arrived at the intersection at approximately the same instant. Under such circumstances it was the statutory duty of the driver of the defendant's truck to give the right of way to the truck of Silver Brothers, approaching the intersection from his right; this statutory duty is sufficiently explained by the terms of the statute.

Under the facts claimed to have been proved, the court therefore properly confined its charge in relation to this statutory rule of conduct to the terms of the statute.

If further direction was required of the court as to this statutory rule of conduct, under the facts claimed to have been proved, the court would be required to say that the truck of Silver Brothers was arriving at the intersection of North Elm Street and Cherry Avenue at approximately the same instant as the truck of the defendant, and therefore that the truck of Silver Brothers had the right of way to enter North Elm Street and proceed in either direction upon it. Of the failure of the court to make that explanation the defendant could not object.

When the truck of the defendant reached Cherry Avenue, and the truck of Silver Brothers, coming from the right out of Cherry Avenue, appeared in front of it, the driver of the defendant's truck turned sharply to the left toward the westerly side of North Elm Street, apparently with the intent to pass to the left of the Silver Brothers' truck and to pass to the right of the truck of the plaintiff approaching southerly on the westerly side of North Elm Street.

The court, in view of this situation, read to the jury

the following statutory rule of conduct: "Any person, when driving, operating or in custody of a vehicle on the highway who shall meet another who is walking, driving or leading a horse or other animal, or driving or operating a vehicle in the traveled portion of said highway, shall slacken his pace, if necessary, and seasonably turn to the right so as to give half of the traveled portion of said highway, if practicable, and a fair and equal opportunity to the person so met to pass, or, if he overtake another, the person overtaking shall pass on the left side of the person overtaken, and the person overtaken shall, as soon as practicable, turn to the right so as to give half of the traveled road and a free passage on the left to the other. The person overtaking and passing to the left of the person or vehicle overtaken shall do so subject to the right of way of those traveling in an opposite direction and meeting him at the point where he is to pass the person or vehicle overtaken." Public Acts of 1919, Chap. 202, § 2.

The defendant claimed that the conduct of the plaintiff's truck before the collision was as follows: "That at the time the defendant's truck suddenly steered to the left, plaintiff's truck was coming in the opposite direction at a high and improper rate of speed, and that the plaintiff's driver had ample opportunity to see the threatened collision between the defendant's truck and Silver Brothers' truck, and should have brought his car to a stop by the exercise of reasonable care, and the collision could thus have been avoided."

The plaintiff did not allege a breach of this statutory rule of conduct as a ground of action.

The court, deeming it its duty to present to the jury all the surrounding circumstances of the collision in view of the situation presented, read this statutory rule of conduct, which is plain in meaning and requires no definition, and, under the circumstances, no further

application to the conditions than the terms of the statute convey to one reading or hearing the statute.

For the court to have gone into a more or less elaborate explanation of this statute, which was not the basis of the action, would have confused rather than aided the jury. These statutory rules of conduct are enacted to guide the drivers of vehicles, and in terms which are designed to be sufficient to inform persons of ordinary intelligence of their duty.

There is no error.

In this opinion the other judges concurred.