CLARENCE W. HAWLEY *vs.* YELLOW CAB COMPANY.

First Judicial District, Hartford, May Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Except as otherwise provided by statute or required by the exercise of due care, an automobile may lawfully be driven upon any portion of the highway.

Upon approaching a highway intersection the plaintiff turned his automobile to his left-hand side of the road in order to pass another car which was preceding his in the same direction, whereupon he struck the defendant's taxicab which was proceeding on his left into the intersection and making a right turn. *Held:*

1. That the trial court properly instructed the jury that under § 1 of Chapter 246 of the Public Acts of 1923, the plaintiff had the right of way.

2. That since no claim was made that the two vehicles were not "arriving at the intersection at approximately the same time," it was unnecessary for the trial court to instruct the jury as to the meaning of that phrase as used in the statute.

Argued May 1st—decided June 14th, 1928.

ACTION to recover damages for injuries to the plaintiff's person and to his automobile, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Hartford County and tried to the jury before *Marvin, J.,* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

*Warren Maxwell,* with whom, on the brief, was *Allan E. Brosmith,* for the appellant (defendant).

*Walter F. Foley,* for the appellee (plaintiff).

MALTBIE, J. The plaintiff was driving northerly on the main highway between New Haven and Hartford. As he approached a place where that highway is intersected by another coming from the west but not cross-

ing it he turned to the west side of the road to pass an automobile which was preceding him in the same direction. As he did so an automobile owned by the defendant company and operated by its employee was proceeding out of the intersecting highway to turn south on the road to New Haven and when it was partly upon the paved portion of the road it was struck by the plaintiff's car. The plaintiff obtained a verdict and the defendant has appealed, claiming error in the denial by the trial court of its motion to set the verdict aside as against the evidence and also in certain portions of the charge to the jury.

The contention chiefly relied upon in support of both claims of error has to do with the meaning of the statute governing the right of way at street intersections. This reads: "Every driver and operator of a vehicle approaching any intersecting public street or highway shall grant the right of way at such intersection to any vehicle approaching from his right, provided such vehicles are arriving at such intersection at approximately the same time, and provided traffic officers shall have authority to regulate traffic." Public Acts of 1923, Chap. 246, §1. At the intersection in question there was no traffic officer and the plaintiff was approaching the defendant's car from its right. The trial court charged the jury that under the statute the plaintiff had the right of way. The defendant claims that the statute did not apply to the situation before the court because the plaintiff as he came to the intersection was driving upon the left side of the road. Such a limitation upon its operation would hardly accord with the policy of our automobile law. There is no statutory provision requiring an automobile to travel at all times upon the right side of the highway and, except in certain situations for which provision is expressly made, and subject to the obligation of its

driver to use due care, it may proceed upon any portion of the highway. *Irwin* v. *Judge,* 81 Conn. 492, 499, 71 Atl. 572. When its driver desires to pass another vehicle going in the same direction, he is required to go to the left to do so and, as that vehicle is only required to yield one half the traveled portion of the highway, the one passing often must and quite commonly does cross to the left side of the road; yet there is no provision in the statute which prevents an automobile passing another going in the same direction at a street intersection, as would naturally be the case were the claim of the defendant correct. So, as bearing upon the defendant's claims, two other provisions of the statute are significant for their omissions; one provides that where a vehicle passes another going in the same direction it shall do so subject to the right of way of others traveling in the opposite direction; the other provides that a vehicle shall keep to the right of the intersection of the center of intersecting highways when turning to the right and shall pass to the right of that intersection when turning to the left; to give effect to the defendant's contention the former of these should contain a further limitation that the overtaking vehicle should exercise its right of passage subject to the right of any vehicle entering the highway upon his left and turning to its right, and the latter should require all vehicles, whether turning or not, to keep to the right of the point of intersection of the center lines of the highways. If the interpretation of the statute for which the defendant argues is regarded as limiting it so that neither vehicle has the right of way in such a situation as the one we are considering, we must impute to the legislature an intention to establish no right of way for this oft-occurring situation, which in view of the full sweep of the legislation governing the operation of automobiles is

very unlikely; or if the effect be regarded as giving to the defendant's vehicle the right of way, then we are importing into the statute a provision for which its language gives no warrant. The language of the provision in question is broad and inclusive and we can find no warrant for reading into it such a limitation as that claimed by the defendant. *Murphy* v. *Way, ante,* p. 633, 141 Atl. 858.

The only other claim of the defendant is that the trial court, while quoting in full the portion of the statute in question, failed to explain to the jury the meaning of the phrase "provided such vehicles are arriving at such intersection at approximately the same time." One reads the record in vain to find any suggestion of a claim by either party in the trial court that the vehicles were not arriving at the intersection at approximately the same time, and in such a situation no specific instruction as to the meaning of the phrase was necessary. *Lamke* v. *Harty Brothers Trucking Co.,* 96 Conn. 505, 114 Atl. 533.

There is no error.

In this opinion the other judges concurred.