CLEMENT L. MONTAGNA vs. BRONSON JEWELL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 2d—decided November 8th, 1934.

*William F. Healey,* for the appellant (plaintiff).

*Daniel D. Morgan,* for the appellee (defendant).

BANKS, J. The plaintiff, while crossing South Orange Street, in New Haven, was struck and injured by an automobile operated by the defendant. The plaintiff claimed to have proved that before starting to cross the street he looked in both directions and waited for traffic to pass; that when the road was clear he proceeded to the center of the street and then saw the lights of the defendant's car about one hundred to one hundred and fifty feet away; that he continued to cross the street and, after taking five or six steps beyond the center line of the street, was struck by defendant's car, which was being operated on its left-hand side of the street although there was no traffic coming from the other direction and more than sufficient room for the defendant to have operated his car on his right-hand side of the street. The defendant claimed to have proved that the plaintiff came out from between two parked cars directly in front of his car which was being operated on its right-hand side of the center line of the street.

The plaintiff requested the court to charge that, if the jury found that in crossing from the west to the east side of the street he had reached the center of the street, he could then reasonably assume that anyone traveling south on the street would be upon the westerly side of the center line of the street and would pass in back of him. The court did not so charge, but did charge that the mere fact that defendant was operating his car to the left of the center of the street would not necessarily have been negligence, and that

there was no rule of law requiring operation on the right of the center line between street intersections except in cases where travelers proceeding in opposite directions meet each other. The plaintiff predicates error upon this charge and the failure to charge as requested. He says that the very foundation of his case was his claim that he was struck by defendant's car while it was being operated upon its left-hand side of the road when there was room for the defendant to drive to the right of the center of the street. That fact alone would not furnish a foundation sufficiently firm to support his case. The court's charge that there was no rule of law requiring the defendant to operate his car to the right of the center line of the street, under the circumstances here present, was clearly correct. General Statutes, § 1639; *Hawley* v. *Yellow Cab Co.*, 107 Conn. 709, 710, 142 Atl. 397. The plaintiff's case required proof not only of the operation of defendant's car to the left of the center line of the street but that such operation, under the circumstances, constituted a failure to exercise reasonable care and was a proximate cause of plaintiff's injuries. It is true, of course, that the right to drive on the left-hand side of a street is conditioned, not only upon noninterference with machines coming from the other direction, but also upon the exercise of due and reasonable care. The charge of the court made it perfectly clear that it was the duty of the defendant to exercise such care whether he was driving on the right or the left side of the street. It was not error, under the circumstances, for the court to fail to charge in the language of the plaintiff's request.

In *Barbieri* v. *Pandiscio*, 116 Conn. 48, 163 Atl. 469, cited by the plaintiff, we said that, in the situation there presented, the plaintiff might be found to have reasonably assumed that vehicles would keep to the

right of the center line of the highway. That was no more than a statement of what, under the circumstances of that case, the jury might reasonably have found as a fact. It does not support the plaintiff's request for a charge that as a matter of law he had the right to make such assumption in this case. It was sufficient to charge, as the court did, that the plaintiff would be entitled to assume that the defendant would operate his car in the same manner as a reasonably prudent man would have done under the conditions and circumstances then existing.

The assignment of error based upon the failure of the court to charge upon the doctrine of supervening negligence was withdrawn upon the argument.

At the conclusion of the charge a juror addressed the court, saying that the court had stated very clearly the defendant's position, and added: "I am not clear what attitude are we to take on the plaintiff if he steps out at this point, which is not a crosswalk in itself. Is that contributory—I didn't hear what your ruling was on that point. I want to get clear on it." The court replied that, if it was desired, it would repeat any portion of the charge, but would not undertake to say whether the defendant or plaintiff was guilty of negligence or contributory negligence, which was a matter for the jury to determine. Whereupon the juror remarked: "That is clear enough for me, Judge." The plaintiff assigns as error the failure of the court to adequately instruct the jury upon what would constitute contributory negligence "when it became apparent from a question by one of the jurors, after the charge was delivered, that he did not understand the principles of law contained in the instructions." We have held that when it appears, upon an inquiry by the jury, that they have failed to understand a principle of law stated in the charge, it is the duty of the

court, upon the request of counsel, to further explain the doctrine in question. *Annes* v. *Connecticut Co.,* 107 Conn. 126, 131, 139 Atl. 511. That was not the situation here. The fair import of the juror's question, though somewhat obscurely expressed, was whether or not the court ruled that the conduct of the plaintiff in stepping out in the street where there was no crosswalk was contributory negligence. The court's reply was that it would not undertake to say whether or not the plaintiff was guilty of contributory negligence, and that that was a matter for the jury to determine. The juror's response indicated that the question which he had in mind had been satisfactorily answered. It was unnecessary for the court to further instruct the jury upon the question of contributory negligence which had been adequately covered in the charge.

There is no error.

In this opinion the other judges concurred.