Bradley v. Kerns.

---

PETER BRADLEY *vs.* FRANK KERNS.

First Judicial District, Hartford, May Term, 1927.

*WHEELER, C. J., HAINES, HINMAN and BANKS, Js.

Section 1534 of the General Statutes and § 26 (a) of Chapter 400 of the Public Acts of 1921 define, respectively, the braking equipment and power which every motor vehicle shall have, and the rates of speed which, under specified conditions, shall be prima facie evidence of reckless driving. *Held* that where the evidence offered by the defendant rendered these provisions applicable to the issue of the plaintiff's contributory negligence, it was not sufficient for the trial court to give the jury a mere statement

---

*By stipulation of counsel, this case was argued before four justices.

of the common-law principles relating thereto, but that it must charge them expressly and particularly concerning the arbitrary standards for the test of conduct prescribed by these statutes. The omission of the trial court to call specifically to the attention of the jury the statutory duty (§ 1540 (a) of the General Statutes) of the operator of a motor vehicle upon approaching a horse, was not erroneous, since the evidence indicated that the animal in the present case was at large on the highway and not being "led, ridden or driven" as provided in the statute, and since the rule of conduct therein prescribed was not substantially variant from the common-law standard adopted by the trial court.

Argued May 4th—decided June 28th, 1927.

ACTION to recover damages for injuries to the plaintiff's person and to his automobile, alleged to have been caused by the defendant's negligence, brought to the Court of Common Pleas for Hartford County and tried to the jury before *Molloy, J.;* verdict and judgment for the plaintiff for $200, and appeal by the defendant. *Error and new trial ordered.*

*Howard W. Alcorn,* with whom was *Harold E. Mitchell,* for the appellant (defendant).

*Donald C. McCarthy,* for the appellee (plaintiff).

HINMAN, J.   There was abundant evidence from which the jury might have found the defendant negligent in the respect alleged in the complaint, and they might, upon the evidence before them and the charge as given them, have held the plaintiff to have been free from contributory negligence.   The motion to set aside the verdict was properly denied.

Error is assigned, further, because of the failure of the trial court to include in its charge § 1534 and § 1540(a) of the General Statutes and § 26(a) of Chapter 400 of the Public Acts of 1921.   Both the finding as to what the defendant offered evidence to

prove and claimed to have proved, and the evidence itself, which is before us upon that part of the appeal which relates to the motion to set aside the verdict, disclose that the main contentions of the defendant as to contributory negligence on the part of the plaintiff were that he was driving at an excessive rate of speed at the time when defendant's horses appeared near the highway and that in consequence thereof and of insufficiency of the brakes of his automobile, he was unable to stop, as he otherwise might have done and thereby prevented the collision with the tree which he encountered in an attempt to turn out and avoid the horses, which collision caused the damage to his car. In this situation it became important that the jury be instructed adequately and correctly upon these subjects, and such instructions should have included a statement of those applicable statutory rules, a violation of which itself constitutes negligence, and a direction how to properly apply them to the facts of the case as they found them to be. *Pietrycka* v. *Simolan,* 98 Conn. 490, 494, 120 Atl. 310; *Sharkey* v. *Skilton,* 83 Conn. 503, 77 Atl. 950; *Wolfe* v. *Ives,* 83 Conn. 174, 76 Atl. 526; *Dunbar* v. *Jones,* 87 Conn. 253, 87 Atl. 787.

Section 40 of Chapter 400 of the Public Acts of 1921, the successor of § 1534 of the General Statutes, provides that "every motor vehicle, . . . while in use upon the highway, shall be provided with at least two systems of brakes, each system of which shall be . . . of sufficient power to lock the wheels of the motor vehicle while such motor vehicle is in motion." There was evidence tending to prove that the plaintiff's brake equipment fell markedly below this statutory standard, and failure to advise the jury of this standard and the potential effect of such deficiency, if it materially contributed to cause the collision and resulting damage,

may well have been prejudicial to the defendant. Likewise the provisions of § 26(a) of Chapter 400 of the Public Acts of 1921 (as amended by § 14(a) of Chapter 195 of the Public Acts of 1925) were essentially relevant to the consideration and determination of the claim of contributory negligence because of excessive speed. This section provides that a rate of speed exceeding thirty miles per hour for a distance of one quarter of a mile shall be deemed prima facie evidence of operation "at a rate of speed greater than is reasonable, having regard to the width, traffic and use of the highway" (§ 13b). There was evidence which, if believed, would have involved an application of this statute, and we are unable to say that a consideration thereof, under proper instruction as to such application, might not have led the jury to a different conclusion on the point of plaintiff's alleged contributory negligence by reason of his rate of speed. The trial court, on the contrary, opened its exposition of the subject with the proposition that "a high and excessive rate of speed, in the absence of statute forbidding it. is not in and of itself negligence," and then proceeded to deal with the question purely from the common-law standpoint. The jury must thereby have been not only deprived of the benefit of the "arbitrary standard for the test of conduct" prescribed by the statute, but led to believe that there was no statute affecting this issue and to decide it entirely upon the common-law principle. *Pietrycka* v. *Simolan, supra.*

The omission to charge regarding § 1540(a) of the General Statutes, is also assigned as error. This provides, *inter alia,* that upon approaching a horse or other draft animal being led, ridden or driven on the traveled portion of any highway, the person operating a motor vehicle shall reduce its speed when reasonable care requires. The situation here, however, was not

that of horses being led or driven along the highway but, in effect, released and at large thereon, and one not so clearly within the purview of the statute as to render it applicable, nor is the standard set thereby so variant from the common-law rule which the court applied that we could hold this omission to be erroneous. *Andrews* v. *Dougherty,* 96 Conn. 40, 112 Atl. 700.

The remaining reasons of appeal disclose no reversible error.

There is error and a new trial is ordered.

In this opinion the other judges concurred.