### JOHN SYSSA, ADMINISTRATOR, *vs.* B. HAVENS HEMINWAY.

*First Judicial District, Hartford, May Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

In an action to recover damages for the death of the plaintiff's intestate, who was struck by the defendant's automobile as she was crossing a highway for the purpose of boarding a trolley car at a point where the automobile might have passed the car at a distance of more than ten feet, the trial court read to the jury that portion of § 37 of Chapter 400 of the Public Acts of 1921 which requires the operator of a motor vehicle to halt

* Transferred from Third Judicial District.

when overtaking a trolley car which has stopped or is about to stop to take on or discharge passengers and charged them repeatedly that the decedent was entitled to assume that the defendant's driver would obey this rule, but omitted to read the further provision of the same statute that where a vehicle can pass a standing car at a distance of not less than ten feet it may do so at a reasonable rate of speed, or to instruct the jury that, if this condition obtained, the decedent was not justified in assuming that the automobile would stop. *Held* that this omission was prejudicial to the defendant.

Argued May 5th—decided July 25th, 1927.

ACTION to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Marvin, J.;* verdict and judgment for the plaintiff for $5,000, and appeal by the defendant. *Error and new trial ordered.*

*Walter E. Monagan* and *Maurice T. Healey, Jr.,* for the appellant (defendant).

*Michael V. Blansfield* and *Herman B. Engelman,* for the appellee (plaintiff).

HINMAN, J. The plaintiff's decedent, Johanna Syssa, while crossing Main Street in Watertown, was struck and killed by defendant's automobile. The highway had recently been reconstructed of concrete and only the east side was open for travel, the west side being covered with hay or straw. Westerly from the concrete road was a trolley track on which, at the time, a car was stopping or had stopped to take on passengers. Mrs. Syssa was proceeding from the easterly side across the concrete portion of the highway, for the purpose of boarding the trolley car. Witnesses called by the plaintiff testified that the defendant's automobile passed the trolley car

after it had stopped and immediately before striking Mrs. Syssa, and was proceeding at a fast and increasing rate of speed. The defendant's driver claimed that he did not pass the trolley car, but was at all times in advance of it and that his speed was about twelve or fourteen miles per hour. The evidence disclosed that the concrete road was 17.95 feet in width and the distance from the westerly edge of the concrete to the easterly rail of the trolley track 3.5 feet, the overhang of the trolley car beyond the rail eighteen inches, and the width of defendant's car six feet. The situation was such, therefore, that the automobile might, without leaving the concrete road, pass the trolley car at a distance of more than ten feet.

The plaintiff requested the court to charge as to the duty of an operator of a motor vehicle when overtaking or passing a street railway car, as provided by § 37 of Chapter 400 of the Public Acts of 1921, and the court read that portion of this section which requires the operator to stop when overtaking a car which has stopped or is about to stop to take on or discharge passengers, but omitted the further provision that where such vehicle can pass at a distance of not less than ten feet it may do so, at a reasonable rate of speed, without stopping. The court then charged, correctly, that violation of the statute is negligence *per se,* and that every user of the highway has, ordinarily, the right to assume that other users will obey the law and to govern his or her conduct accordingly. Thereafter, in the course of the charge, the jury were instructed several times, in substance, that if they found that the trolley car had stopped or was stopping, Mrs. Syssa had a right to assume that any motor vehicle overtaking it would stop, as the portion of the statute which was read requires, and therefore might

assume, also, that no such vehicle would be encountered by her as she crossed the road.

These portions of the charge are assigned as error, and we regard as seriously prejudicial to the defendant the repeated instructions to the effect that the plaintiff's intestate would be justified in assuming that defendant's automobile would stop before passing the trolley car, and that such permissible assumption should be taken into account in determining whether or not she exercised reasonable care. The omitted portion of the statute should have been included in the charge, with explanation of its application to facts which might be found, and the jury should have been instructed that if they found that the defendant's driver did overtake and pass the trolley car when it had stopped or was about to stop but that he could so pass it at a distance of not less than ten feet, then the plaintiff's intestate would have no right to assume that no automobile would pass the trolley car and be encountered by her but, on the contrary, her assumed knowledge that such a vehicle might lawfully so pass the car should be considered in determining whether she exercised reasonable care in crossing the road as and when she did.

In view of some conflict in the testimony as to the point at which the trolley car stopped, the question as to whether Mrs. Syssa was crossing at a place regularly used by the traveling public should have been left to the jury.

The other assignments relating to the charge develop no error.

There is error and a new trial is ordered.

In this opinion the other judges concurred.