MARY E. MURPHY *vs.* SIDNEY E. WAY.

First Judicial District, Hartford, March Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

One who violates a statutory rule of the road is negligent and, in the absence of contributory negligence, is liable for any damages or injury proximately caused thereby.

The imperative necessities of traffic regulation and control require plain and positive directions as to what each person shall himself

do and may expect of others; therefore, a definite standard of conduct fixed by the General Assembly, however arbitrary it may be, cannot be subjected to exceptions based upon individual judgment, or made to depend upon whether a court or jury regards as reasonable its application to a given situation.

This court must construe a statute as it was enacted, without reference to whether it could be or would have been improved by the inclusion of other provisions.

Section 1 of Chapter 246 of the Public Acts of 1923 provides that if any person, when driving or operating a vehicle upon a highway, "shall overtake another, the person overtaking shall pass on the left side of the person overtaken, and the person overtaken shall, as soon as practicable, turn to the right so as to give half of the traveled road and a free passage on the left to the other." *Held* (*one judge concurring in the result only*) that this statute provides a clear and unmistakable direction as to the manner in which one vehicle must pass another; and that it admits of no exception even where, as in the present case, two or more parallel lines of traffic are proceeding in the same direction and, a vehicle in the left-hand line having come to a stop, another in the right-hand line continues without a deviation of course and passes it upon its right side.

Argued March 6th—decided May 4th, 1928.

ACTION to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Hartford County and tried to the jury before *Baldwin, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Isaac Nassau,* with whom, on the brief, was *Francis P. Rohrmayer,* for the appellant (plaintiff).

*Allan E. Brosmith,* with whom, on the brief, was *Warren Maxwell,* for the appellee (defendant).

HINMAN, J. The collision of the defendant's automobile with the plaintiff occurred while the latter was crossing Farmington Avenue, in West Hartford, at a point where it is intersected by Maplewood Avenue and Lilley Road. The plaintiff offered evidence to

prove that, as she was so crossing, an automobile coming from the east and operated by a Mrs. Dunn, stopped about an automobile length away from the plaintiff to allow her to continue on her way; that she, observing that this automobile had so stopped, continued to cross, but just after she had passed in front of it she was struck by the defendant's car, which, for a distance of ten blocks east of the intersection, had been traveling two or three car-lengths behind the Dunn car in the same direction, but when the latter slowed down and stopped, continued, without slackening speed or sounding any warning, passed to the right of the Dunn car, between it and the northerly curb, and, just after so passing, struck the plaintiff.

The defendant claimed to have proved that while his car was traveling westerly along Farmington Avenue, traffic conditions being congested, there were two and sometimes three lines of vehicles moving westerly, simultaneously, and a like number of lines traveling easterly; that his car, during its entire course on that avenue, traveled in the northerly of these lines of west-bound traffic, near the curb, and the Dunn car in the line next southerly, traveling just north of the northerly of two lines of trolley tracks, located in that street; that at the time the Dunn car was stopping, as it approached the intersection, the defendant's car was abreast of it and continued, with abated speed, to pass it on its right in the line of traffic in which it was proceeding, and soon after it had so passed the accident occurred.

The plaintiff's complaint included in its specifications of negligence the act of the driver of defendant's car in passing to the right of the Dunn car, in violation of a rule of the road. This rule, established by §1 of Chapter 246 of the Public Acts of 1923, is that if any person, when driving or operating a vehicle on the

highway, "shall overtake another, the person over-taking shall pass on the left side of the person over-taken, and the person overtaken shall, as soon as prac-ticable, turn to the right so as to give half of the traveled road and a free passage on the left to the other. . . . Any person overtaking a vehicle shall not pass again to the right of the highway until the rear end of his vehicle has cleared the vehicle overtaken by ten feet."

The first assignment of error relates to that portion of the charge which dealt with this element of the case. The trial court read the above-quoted provision of the statute to the jury, and stated, further, that "the violation of this statute, if you should find it was vio-lated, is negligence. If you find the statute was violated, the negligence attending such violation is actionable and may be the basis upon which the plain-tiff may recover, provided you find such negligence the proximate cause of the plaintiff's injuries." Such neg-ligence, which the court stated, "may be" the basis for recovery, *is* such basis if it is the proximate cause of injury and, it should have been added, if the plaintiff is free from contributory negligence. *Pietrycka* v. *Simolan,* 98 Conn. 490, 495, 120 Atl. 310. The court then continued, as follows: "You must remember that the rules of the road must be a reasonable rule, or reasonable rules; and a reasonable application of the rules of the road must be made. If you should find on Farmington Avenue, it having a width of forty-nine feet at the point in question, that there were two lines of traffic traveling in opposite directions, at the time, and a car on the left line of one of the two lines of traffic traveling in the same direction should slow down or stop, and a car in the right line of the same lines of traffic as the one which had slowed down or stopped is in the rear, . . . I cannot say to you, as a matter

of law, that the passing by the car in the right line of the two lines of traffic upon the right of the halting or stopping car would be a violation of this statute. It is a circumstance for you to consider, gentlemen, with all of the other circumstances in the case, and for you to say under such conditions as you find of traffic existing at the time in question, [whether] the passing . . . by the Way car of the Dunn car was negligence; and if you find it was negligence, then you must pass to the question of whether that negligence was the proximate cause of the plaintiff's injury." In referring to "two lines of traffic traveling in opposite directions," the court obviously meant two lines of traffic traveling in the same direction and two other lines traveling in the opposite direction. This is manifest from the statement immediately following, other portions of the charge, and the finding as above summarized.

The purport and effect of this added instruction was to leave to the jury determination of whether the statutory rule is applicable to a situation, such as that claimed by the defendant to have existed, where two or more parallel lines of vehicles are traveling in the same direction, and to make the test of such applicability the reasonableness of the rule when applied to such a state of facts. This, in our opinion, subjected the statute to an exception or modification which is not warranted by its terms or by any permissible implication therefrom. By this statute, as well as that which was under consideration in *Pietrycka* v. *Simolan,* 98 Conn. 490, 495, 120 Atl. 310, "the legislature, with unquestionable authority, has established an arbitrary standard for the test of conduct in operating motor vehicles in the highways of this State." It prescribes, in plain and unequivocal terms, what course shall be pursued by a vehicle overtaking and passing another and by the vehicle overtaken and passed. This is but

one of many statutory regulations concerning the use of vehicles on the highways, the steady multiplication and alteration of which, as evinced by their legislative history, reflects the imperative necessities growing out of the enormous increase in and congestion of traffic and the protective measures suggested by observation and experience. We know of no field of legislation in which plain and positive directions as to what each person shall himself do and may expect of others are more vital than that of traffic regulation, and the rules so established must be presumed to be the product of the studied exercise of legislative judgment, enacted only after a careful balancing of prevailing hazards against the inconveniences and burdens incident to the restrictions imposed, and based upon practical experience and established need. It cannot be other than subversive of the prime purposes of such legislation if the definite though perhaps arbitrary standards thereby set up may be subjected to exceptions based upon the judgment of the individual user of the highways, or if their application to a given state of facts, within the scope of the language of the law, may be made to depend upon whether a court or jury regards such application as reasonable.

At least, there is no want of reason or fairness in our established rule that he who violates one of these statutory mandates does so at his own risk as to the resulting liability for injuries or damage of which such transgression is the proximate cause when unmitigated by intervening or contributory negligence. *Pietrycka* v. *Simolan, supra; Dunbar* v. *Jones,* 87 Conn. 253, 87 Atl. 787; *Sharkey* v. *Skilton,* 83 Conn. 503, 77 Atl. 950.

Also, if the law of the road may be subjected to unexpressed exceptions and individually varying applications, what becomes of the recognized right of

Murphy *v.* Way.

every user of the highway to govern his conduct upon the assumption that other users know and will obey the law regulating their own use of it? *Syssa* v. *Heminway,* 106 Conn. 499, 138 Atl. 223; Huddy on Automobiles (8th Ed.) §289. For example, in this case the plaintiff was entitled to assume that any vehicle passing the Dunn car would do so on its left side, in which process it would come into the field of her vision and she into that of its operator, and that no danger was to be anticipated because of one passing by on the right and, by reason of the presence of the Dunn car, each out of sight of the other during a period which, though short, was of vital importance.

The desirability, from a traffic standpoint, of multiple parallel lines moving in the same direction on wide and congested streets and highways, is apparent, and the somewhat prevalent existence of such practice is recognized, but a departure from the course to be pursued in overtaking and passing as prescribed by statute is not thereby so justified as to absolve the person indulging in such variant conduct from liability for damages proximately resulting therefrom. If there be need of different regulations applying to traffic so moving, it could and presumably will be met, either by definite statutory provision, as has been done with relation to passing of trolley cars (Public Acts of 1921, Chapter 400, §37) or the rendering permissible of regulation otherwise than in accordance with the general rule by local ordinance or traffic officers, as is now provided (Public Acts of 1923, Chapter 246, §1) as to turning and right of way at intersections. We must construe the Act as we find it, without reference to whether we think it would have been or could be improved by the inclusion of other provisions. *State ex rel. Lewis* v. *Turney,* 97 Conn. 496, 504, 117 Atl.

499; *Corbin* v. *American Industrial Bank & Trust Co.,* 95 Conn. 50, 110 Atl. 459.

The trial court should have left its statement that violation of the statutory rule constitutes negligence unqualified by any considerations of the reasonableness of the rule or its application, and should have directed the jury how to properly apply it to the facts of the case as they found them to be. *Bradley* v. *Kerns,* 106 Conn. 383, 138 Atl. 130. The failure to do so was erroneous.

The remaining portions of the charge as to which error is assigned afford no ground for retrial or reason for discussion.

There is error and a new trial is ordered.

In this opinion WHEELER, C. J., MALTBIE and BANKS, Js., concurred; HAINES, J., concurred in the result.