LESLIE S. ANDREW *vs.* WHITE BUS LINE CORPORATION ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 9th—decided August 2d, 1932.

*Frederick C. Hesselmeyer,* with whom, on the brief, were *John D. McHugh* and *Thomas A. Grimes,* for the appellant (plaintiff).

*Hugh J. Lavery,* with whom, on the brief, were *George N. Finkelstone* and *John T. L. Hubbard,* for the appellees (defendants).

HINMAN, J. The collision from which this action arises occurred between a motorcycle operated by the plaintiff and a bus of the named defendant at the intersection of Main and Frank Streets in Bridgeport. The bus had been traveling north on Main Street and was turning left into Frank Street; the plaintiff was riding south on Main Street. Only those further facts need be stated which are essential to a discussion of three assignments of error in the charge.

Main Street is forty feet wide and Frank Street thirty-one feet ten inches, and the bus was twenty-six feet six inches long and eight feet wide. There was evidence that, in consequence, it was physically impossible, in making a left turn in the intersection, to keep the bus at all times "to the right of the intersection of the centers" of the two streets as prescribed by § 1639 of the General Statutes. The defendants claimed to have proved, only, that the operator in so turning kept as near to the right of the center as was possible in that situation. The court mentioned the testimony just referred to, read the statutory provision, and charged: "If you find that the bus in making the left turn into Frank Street did not keep to the right of

the center of the intersection in so far as it was possible to do in the exercise of reasonable care under the circumstances, having regard to the length of the bus, the width of the streets, etc., the defendants were negligent and would be liable to the plaintiff if such conduct was the proximate cause of the accident and further, the plaintiff Leslie was free from any contributory negligence upon his part." The necessary corollary of this instruction was that operation of the bus as nearly as possible to the right of the center would not be negligence on which recovery could be based, even if the failure to actually keep to the right was a proximate cause of the collision and the plaintiff free from contributory negligence. This we regard as erroneous for reasons similar to those stated in *Murphy v. Way*, 107 Conn. 633, 637, 638, 141 Atl. 858. The statute (§ 1639) prescribes in unequivocal terms what course shall be pursued by a vehicle in turning left in an intersection; it affords plain and positive directions as to what each person shall himself do and may expect of others, which are the vital purposes of traffic regulations. It is as subversive of these purposes to hold approximate compliance a substitute for full conformity as to subject the statutory standards and requirements to exceptions based upon the judgment of the individual as to what is reasonable and practicable, as was held inadmissible in *Murphy v. Way*. Here the plaintiff was entitled to assume that the bus would pass to the right of the center of the intersection, occupying only the space and the time required for that course, and to regulate his own conduct accordingly. "If the law of the road may be subjected to unexpressed exceptions and individually varying applications, what becomes of the recognized right of every user of the highway to govern his conduct upon the assumption that other users know and will obey

the law regulating their own use of it? *Syssa* v. *Heminway,* 106 Conn. 499, 138 Atl. 223; Huddy on Automobiles (8th Ed.) § 289." *Murphy* v. *Way, supra,* p. 638.

While it is common knowledge, through observation and experience, that literal compliance with all of the positive requirements of traffic laws is often inconvenient or impracticable, and sometimes manifestly unnecessary under the then-existing circumstances, such conditions do not justify departure from the statutory standards so as to absolve one from responsibility, on the ground of negligence, for the consequences proximately resulting. Equally, as applied to the at least exceptional situation where strict conformity is impossible, "there is no want of reason or fairness in our established rule that he who violates one of these statutory mandates does so at his own risk as to the resulting liability for injuries or damage of which such transgression is the proximate cause." *Murphy* v. *Way, supra,* p. 638. Moreover, compliance cannot fairly be regarded as impossible although conditions prevent its accomplishment by proceeding in the usual and most convenient manner, as, for example, by continuous forward movement, if some other course of conduct producing conformity to the statute is reasonably open to the operator.

The construction of the bus and the location of the driver's seat were such that the driver could not extend his hand beyond the left side of the bus and in that manner signal his intention to turn left, and it was not claimed that he indicated his intended change of course in any manner observable by one approaching from the front, as was the plaintiff, except by the slow turning of the bus. General Statutes, § 1644, provides that "each driver of a vehicle, before slackening its speed, stopping or backing, shall indicate by

signal his intention to slacken its speed or to stop or to back and, if he intends to turn or change his direction, he shall indicate the direction in which he intends to proceed." The trial court, after reading this statute and noting the defendant's claim "that by turning slowly as he did [the driver] had sufficiently indicated to the plaintiff . . . that he intended to turn and so there was no need for a manual signal or other indication," continued, "While you, of course, heard the statute as I read it to you, you understand it does not require any particular kind of signal. The words of the statute are that the person about to turn shall indicate his contemplated action," and left to the jury the determination, as a question of fact, whether the statute had been complied with. At least in the situation presented by the undisputed facts of the present case, and as to this plaintiff, the mere act of turning was not a compliance with the statutory requirements and the jury should have been so instructed as a matter of law. The statute clearly contemplates and requires that the signal or indication of intent to turn—equally with that of slackening, stopping or backing—shall be given before the turn or change of direction is entered upon, the obvious purpose of the regulation being that the indication be given sufficiently in advance of the action itself to be of use to those who need to heed it. Seldom, if ever, and clearly not in the situation here presented, could this be accomplished by the mere performance of the act, seasonable advance warning of which it is the object of the statute to provide.

The collision occurred about twelve-thirty p. m. on October 14th, 1930, a clear day, and the finding negatives the presence of traffic or other obstructions between the plaintiff and the defendant's bus which would have prevented the plaintiff from observing a

seasonable and proper indication of intention to turn. Therefore this case does not present a situation where —as by reason of darkness or other conditions precluding observation of a signal if given—failure to give it could not be found to have been a proximate cause of the collision. *Barry* v. *Leiss,* 109 Conn. 484, 488, 147 Atl. 18.

The appellant claims that the doctrine of the last clear chance was applicable and that the court, although correctly stating the elements thereof, erred in expressing the opinion that the principle had no application. The claim of applicability is based upon a contention that the plaintiff was already in the zone of danger when the defendant's driver first saw him one hundred and fifty feet north of the intersection, although the plaintiff thereafter continued to proceed rapidly to and into the intersection and his motorcycle struck the bus near the right front door. The court's comment was correct; indeed the plaintiff was not entitled to have instruction as to the doctrine included in the charge. *Correnti* v. *Catino,* 115 Conn. 213, 160 Atl. 892.

There is error and a new trial is ordered.

In this opinion the other judges concurred.