EDITH GOLDSTEIN *vs.* HARRY KAPLAN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued March 7th—decided April 25th, 1933.

*M. Joseph Blumenfeld,* for the appellant (defendant).

*David M. Reilly,* with whom was *J. H. Bellin,* for the appellee (plaintiff).

BANKS, J. The plaintiff received personal injuries as the result of a collision between a car operated by her and that of the defendant at the intersection of Wakelee Avenue and Jackson Street in the city of Ansonia. Wakelee Avenue runs north and south and Jackson Street east and west. The plaintiff was proceeding west on Jackson Street and the defendant north on Wakelee Avenue and their cars came into collision at or near the center of the intersection. On the north curb line of Jackson Street, or a point twenty-one feet east of the east curb line of Wakelee Avenue and twelve and one-half feet east of the prolongation of the nearest property line of Wakelee Avenue, there is a traffic sign bearing the words "Through Traffic Stop" and the word "Stop." The plaintiff claimed to have proved that she brought her car to a full stop before entering the intersection, and the defendant claimed to have proved that she failed to do so. The only question upon this appeal arises out of the claimed error in the charge of the trial court as to the duty of the plaintiff to stop at the "Stop" sign.

Section 396 of the General Statutes provides that "the traffic authority shall have power to designate streets to be known as 'through streets' and to place and maintain on each street intersecting a street designated as a 'through street,' at or near the property line of such 'through street,' appropriate signs upon or in the street; such signs, devices, or marks to bear the word 'Stop.'" It further provides that "each person operating any vehicle upon any street intersecting any 'through street' shall bring such vehicle to a full stop at the place where such street meets the prolongation of the nearest property line of such 'through street,' subject to the direction of any traffic control sign or signal or officer in uniform at such intersection." There is also an ordinance of the city of Ansonia re-

quiring every operator of a vehicle to bring it to a full stop upon arriving at intersecting highways at which the police department have erected a "Stop" sign. The court told the jury that the failure to comply with a standard of conduct laid down by the legislature was negligence which on the part of the plaintiff would prevent a recovery. It then read to the jury the ordinance and statute, and told them that they both required that the plaintiff "bring her car to a full stop at the 'Stop' sign," and that a failure to do so would be contributory negligence, and later in the charge that "it was her duty to stop, it was her duty to observe conditions and to determine whether she could safely go across." The defendant claims that it was error for the court to say that it was the plaintiff's duty to stop "at the 'Stop' sign" since the statute required that she should stop "at the place where such street meets the prolongation of the nearest property line of such 'through street.' "

The statute provides for the placing of the "Stop" signs "at or near the property line," and requires that approaching vehicles stop at such line. If a sign is placed exactly at the property line, a stop at the sign would be in strict compliance with the requirement of the statute. If it so happens that the sign is placed a few feet from the exact location of the property line, as the statute contemplates may be done, still a stop at the sign would be a sufficient compliance with the statute, the spirit and purpose of which is to require that a vehicle approaching the intersection of a "through street" should be brought to a full stop before proceeding into the intersection. The object of the statute is as completely accomplished in the one case as the other. The property line is not uniformly marked in such a way that its exact location can readily be determined by one

approaching the intersection. Reliance may be placed upon the location of the "Stop" sign in compliance with the statute "at or near the property line," and a full stop at that point will meet the requirements of the statute, save in the exceptional case when the sign is obviously not at or near the property line.

Upon the facts of this case, the charge of the court was unobjectionable and could not have misled the jury as to the duty devolving upon the plaintiff. The sign on Jackson Street was within twelve and one-half feet of the property line of Wakelee Avenue, about an ordinary car's length. The statute does not require that the operator of a vehicle should determine with the utmost exactitude the location of the property line and stop his car with some portion of it precisely at that point. Reasonably construed it requires that he stop before passing beyond the property line and into the street intersection. An instruction that it was the duty of the plaintiff to stop at a point twelve and one-half feet before reaching the property line could not possibly have harmed the defendant. The emphasis of the charge quite properly was not upon the exact spot where the plaintiff must stop, but upon her duty to bring her car to a full stop before proceeding into the intersection.

The charge of the court did not violate our rule that statutory requirements are not subject to exceptions based upon the judgment of the individual as to what is reasonable and practical. *Andrew* v. *White Bus Line Corporation*, 115 Conn. 464, 161 Atl. 792. It did not absolve the plaintiff from compliance with the statutory duty which devolved upon her as she approached this street intersection.

There is no error.

In this opinion the other judges concurred.