ALBERT GUHRING *vs.* PHILIP GUMPPER.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 4th—decided November 8th, 1933.

*James M. Kelly,* with whom was *Harry M. French,* and, on the brief, *Arthur B. O'Keefe,* for the appellant (defendant).

*William P. Wertheimer* and *Clayton L. Klein,* for the appellee (plaintiff).

BANKS, J.   Plaintiff was injured as the result of a collision between a car operated by him and a truck operated by the servant and agent of the defendant at

the intersection of Grove and Prospect Streets in the city of Waterbury. Prospect Street runs north and south and is intersected by Grove Street which runs east and west. Near the easterly curb of Prospect Street, thirty-five and six-tenths feet south of the southerly curb of Grove Street and twenty-nine feet south of the point where Prospect Street intersects the nearest property line of Grove Street, there is a "stop" sign erected by the traffic authority which has designated Grove Street as a "through street." Upon the evidence, the jury could reasonably have found that the plaintiff brought his car to a stop at the "stop" sign and then proceeded at a speed of about eight miles an hour; that as he approached the intersection of Grove Street he saw defendant's truck about one hundred and fifty feet away, and believing that he could safely pass in front of it proceeded through the intersection, and the rear right side of his car was struck by defendant's truck, which was proceeding at the rate of about forty miles an hour, when it had reached a point near the northeast corner of the intersection. Whether, under these circumstances, the plaintiff was negligent in proceeding through the intersection, and whether the driver of the defendant's truck was negligent in driving through the intersection at the speed at which he was going, were questions of fact for the jury under proper instructions from the court as to the duty devolving upon each under the rules of the road. The court did not err in denying the defendant's motion to set the verdict aside.

Section 396 of the General Statutes provides that "the traffic authority shall have power to designate streets to be known as 'through streets' and to place and maintain on each street intersecting a street designated as a 'through street,' at or near the property line of such 'through street,' appropriate signs upon or in

the street; such signs, devices or marks to bear the word 'Stop.' " It further provides that "each person operating any vehicle upon any street intersecting any 'through street' shall bring such vehicle to a full stop at the place where such street meets the prolongation of the nearest property line of such 'through street,' subject to the direction of any traffic control sign or signal or officer in uniform at such intersection." The defendant requested the court to charge the jury that it was the plaintiff's duty to bring his car to a stop at the place where Prospect Street intersected the prolongation of the nearest property line of Grove Street, and that a stop at the stop sign was not a sufficient compliance with the statute. The court did not so charge, but did charge that the fact that the plaintiff did not stop at the prolongation of the property line would not affect his right to recover if the jury found that he did obey the sign and stopped. It does not appear in the finding, upon the basis of which alone we determine the correctness of the charge, that the property line was clearly marked. The situation is strikingly similar to that presented in *Goldstein* v. *Kaplan,* 116 Conn. 597, 165 Atl. 794, decided since this case was tried. In that case the stop sign was placed twelve and a half feet east of the property line of the through street running north and south, and the court charged that it was the plaintiff's duty to stop at the stop sign. We held that reliance might be placed upon the location of the stop sign in compliance with the statute "at or near the property line," and that a full stop at that point would meet the requirement of the statute, save in the exceptional case where the sign is obviously not at or near the property line. As we said in that case, the purpose and spirit of the statute is to require a vehicle approaching the intersection of a "through street" to be brought to a full stop before

proceeding into the intersection, and that result is accomplished by a stop at the stop sign, which it is to be presumed has been located by the traffic authority in the performance of its duty, in accordance with the requirements of the statute. *Hellman* v. *Karp,* 93 Conn. 317, 323, 105 Atl. 678.

It is true that where the language of a statute concerning the operation of motor vehicles is clear we have no choice except to apply it so as to give effect to the intent expressed in it. But we must assume that the legislature intends the statutes it enacts to be capable of a sensible application. At many street intersections the property line is not marked in such a way that the driver of a motor vehicle could tell where it was and where, under the strict language of the statute, he would be obliged to stop. In such situations, the only way to give practical effect to the statute and accomplish the legislative intent is to interpret it as we have done. For the reason stated in the opinion in the *Goldstein* case, the court did not err in refusing to charge in the language of the defendant's request.

The other claimed errors in the charge and the failure to charge as requested do not require discussion.

The defendant offered in evidence the plaintiff's accident report to the motor vehicle commissioner, in which he stated that he was driving north on Prospect Street at about twenty miles an hour. The plaintiff had previously been examined with reference to statements in his report. Plaintiff objected to the admission of the report on the ground that it did not tend to contradict his testimony, and the court excluded it on the ground that it contained nothing of importance which was not already in evidence in the testimony of the plaintiff. Under the circumstances, the defendant could not have been harmed by the ruling excluding

the report. Two other rulings on evidence were either correct or of such minor importance as not to constitute reversible error.

There is no error.

In this opinion the other judges concurred.