MRS. T. F. O'BANNON *vs.* E. A. SCHULTZ.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

620

Argued November 9th—decided December 7th, 1933.

*Joseph G. Shapiro,* with whom, on the brief, were *Harry A. Goldstein, Charles S. Brody* and *William Gitlitz,* for the appellant (plaintiff).

*DeLancey S. Pelgrift,* for the appellee (defendant).

AVERY, J. This case was tried to the jury, which returned a verdict for the defendant and, in her appeal, the plaintiff claims error in the instructions of the court, and in denying her motion to set aside the verdict. There is little disagreement between the claims of the parties as to the facts proved by the evidence as far as relate to the question of law material to this appeal. From these claims, it appears that evidence was offered tending to show that an automobile owned by the plaintiff and one owned by the defendant were proceeding at a moderate rate of speed in a westerly direction on Bridgeport Avenue in Milford; the avenue at that point is forty-five feet wide, runs east and west and is paved with cement from curb to curb. A double set of trolley rails runs through the center. Ormond Street intersects it from the north, and a traffic light is situated on the northwest corner.

At the time of the accident, April 9th, 1932, about five o'clock in the afternoon, the defendant was approaching Ormond Street, traveling in the dummy rail or very near it. When about sixty feet from the light, it changed to red, or stop, and the defendant reduced his speed to about five miles per hour. At that time, the plaintiff's automobile, in which she was riding but which was being operated by a friend, was about one hundred and twenty-five feet from the intersection. The plaintiff's automobile was astride the north rail of the westbound tracks so that it was in the rear and to the right of that of the defendant. When the light turned to red, or stop, the plaintiff's automobile reduced its speed, continuing westerly, it being the intention of the operator to stop near the easterly line of the intersection. The plaintiff's operator did not intend to pass the automobile of the defendant at any time. As both cars were almost at the intersection, the plaintiff's had come into a position to the right of that of the defendant, with its front left wheel about opposite the right rear wheel of the defendant's car. The traffic light changed to yellow and then to green to proceed, whereupon the defendant increased his speed, went forward a few feet, and turned sharply and suddenly to his right, colliding with the plaintiff's car, which then turned to its own right and came into collision with a pole on the northeast corner.

In the course of its instruction to the jury, the court, after referring to the relative positions of the two cars as claimed by the parties, instructed them that if the jury found them in the relative positions indicated, the plaintiff did not have any right of way to pass on the right-hand side of defendant's car, and that the defendant was not guilty of any negligence in failing to grant the plaintiff such right of way. The appellant assigns error in these instructions and claims that

the jury should have been instructed that, under the rules of the road (General Statutes, Cum. Sup. 1931, § 306a), a person operating an automobile when approaching a stop-light at an intersection and intending to heed that light may continue on until he reaches the intersection if, at the time, the highway is a wide one with two lanes of travel in each direction, although in the left lane another automobile has already reached the light and stopped, provided the operator of the first automobile does not intend to pass beyond and ahead of the second; the substance of the plaintiff's claim being that where the highway is wide, as in this case, permitting two automobiles to be driven abreast in each direction, if the automobile on the left-hand side has stopped at an intersection because of a traffic signal, an automobile approaching from the rear may come up abreast of it on its right to the intersection, provided the operator has no intention of passing by and proceeding ahead of it.

The language of the statute as applied to vehicles proceeding in the same direction is that if one "shall overtake another, the person overtaking shall pass on the left side of the person overtaken, and the person overtaken shall, as soon as practicable, turn to the right so as to give half of the traveled road and a free passage on the left to the other." The plaintiff claims that this statute only applies where the driver of an overtaking vehicle intends to actually pass the vehicle overtaken, and has no application to a situation such as the present where the driver of the overtaking automobile simply intends to go up on the right-hand side of the vehicle overtaken, but has no intention of actually passing it. The plaintiff points to the great inconvenience that often would result if all vehicles were obliged, at street intersections, to remain behind one

proceeding in the left lane where there is more than one traffic lane in the street.

It may be conceded that as a practical matter there is much force to this contention in situations such as exist in the instant case. However, the statute, in its terms, is imperative and applies to vehicles overtaking others. A principal danger of collision, to obviate which is a main object of the rule prescribed, is while the overtaking vehicle is passing alongside the one overtaken; after the former has passed beyond the latter this danger ceases to exist. The statute cannot reasonably be construed to mean other than that an overtaking vehicle must not pass to the right of the vehicle overtaken. We recognized in *Murphy* v. *Way,* 107 Conn. 633, 639, 141 Atl. 858, the desirability, from a traffic standpoint, of multiple parallel lines moving in the same direction on wide and congested streets and highways and the prevailing existence of such a practice. Like considerations of convenience apply at intersections where traffic is halted by signals. Nevertheless, there is an equally obvious necessity for a statutory rule of conduct in such situations and if different and more advantageous regulations applying thereto were deemed practicable it is fair to assume that the statute would have been amended accordingly, in like manner as it has been in General Statutes, Cum. Sup. 1933, § 451b, to meet the difficulty presented in cases such as *Andrew* v. *White Bus Line Corporation,* 115 Conn. 464, 161 Atl. 792, and in the absence of such special provision it remains true that departure from the course prescribed by the statute to be pursued in overtaking and passing is not so justified as to absolve the person indulging in such variant conduct from liability for damages proximately resulting therefrom. *Murphy* v. *Way, supra,* p. 639; *Andrew* v. *White Bus Line Corporation, supra,* p. 467. It follows

that the instructions of the court were correct upon the situation presented.

There is no error.

In this opinion the other judges concurred.