## GLADYS M. LeLASHER
### vs.
## ELM CITY TRUCKING COMPANY, INC.

Superior Court        New Haven County        File #52574

MEMORANDUM FILED JUNE 21, 1938.

James P. Doherty, of Hamden, for the Plaintiff.

D. L. O'Neill, of New Haven, for the Defendant.

McEVOY, J. The evidence clearly shows that the plaintiff passed a "stop sign" as she entered the intersection when the collision occurred. In entering from the plaintiff's left into this intersection the defendant operator was entitled to assume that the plaintiff would obey the direction of the stop sign and to govern his conduct accordingly. In this assumption he was disappointed. The plaintiff did not obey the stop sign. The claim under which the plaintiff attempts to justify her failure to stop at the indicated sign is that she did not see it, and that her vision of the sign was obstructed by a large truck then present, which subsequently disappeared immediately after the collision.

Assuming that her vision of the sign were obstructed and obscured, yet it would seem that, under the law, this obstruction does not justify her admitted failure to obey the direction impliedly required of her by the existence and placing of the sign.

The sign was erected by public officers. "Public officers acting officially are presumed to have done their duty until the contrary appears." *Hellman vs. Karp,* 93 Conn. 317, 323.

Even if one has the right of way yet he himself must proceed with due care, i.e. operate his car as a reasonably prudent person would under the same circumstances knowing that he had the right of way. *Jackson vs. Brown,* 106 Conn. 143.

Upon the trial of this action both counsel agreed that Col-

umbus Avenue was a through way. In section 76c of the Cumulative Supplement to the General Statutes (1935), at subdivision c of that section, it is provided that "each person operating any vehicle upon any street intersecting any officially designated through way shall bring such vehicle to a full stop at the place where such street meets the prolongation of the nearest property line of such through way or at a clearly marked stop line, subject to the direction of any traffic control sign or signal of any officer in uniform at such intersection."

It is essential to observe that this subdivision of the section is in the disjunctive rather than the conjunctive and that following the word "or" we find the words "at a clearly marked stop line." Section 76c is an amendment and a following out of the purpose of section 394 of the General Statutes, Revision of 1930, in which it is provided under subsection (b) that "no operator of any motor vehicle . . . shall disobey the instructions of any such traffic sign or signal unless otherwise directed by an officer in uniform."

In *Andrews vs. White Line Bus Corporation,* 115 Conn. 464, at page 467, our Supreme Court said: "There is no want of reason or fairness in our established rule that he who violates one of the statutory mandates does so at his own risk as to the resulting liability for injuries or damage of which such transgression is the proximate cause."

This opinion was in apparent confirmation of the rule expressed in *Murphy vs. Way,* 107 Conn. 633, at page 638, where our Supreme Court said: "Also, if the law of the road may be subjected to unexpressed exceptions and individually varying applications, what becomes of the recognized rights of every user of the highway to govern his conduct upon the assumption that other users know and will obey the law regulating their own use of it?" *Syssa vs. Heminway,* 106 Conn. 499, 138 Atl. 223.

In *Guhring vs. Gumpper,* 117 Conn. 548, at page 551, our Supreme Court said: ". . . the purpose and spirit of the statute is to require a vehicle approaching the intersection of a 'through street' to be brought to a full stop before proceeding into the intersection, and that result is accomplished by a stop at the stop sign, which it is to be presumed has been located by the traffic authority in the performance of its duty, in accordance with the requirements of the statute."

Under all of the circumstances it is very apparent that the collision was caused by the failure of the plaintiff to obey the stop sign and the consequent reliance of the defendant's operator upon the obedience of the plaintiff to the regulations embodied in the stop sign.

The defendant's operator was clearly entitled to rely upon the theory that the plaintiff would so comply and to govern his conduct accordingly.

Upon all the evidence the issues are found in favor of the defendant and judgment may be entered for the defendant to recover its costs.