ROBERT RUFF *v.* THE FEDERAL TEA COMPANY, INC.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

Argued October 7—decided December 7, 1942.

*DeLancey Pelgrift,* for the appellant (defendant).

*John F. McGowan,* for the appellee (plaintiff).

DICKENSON, J. The assignments of error relate to various paragraphs in the trial court's charge instructing the jury that upon certain facts as claimed by the plaintiff they might find no violation of a statutory rule of the road. The defendant's contention is that upon these facts there was a violation of the statute as a matter of law and the jury should have been so charged.

The facts are these: An automobile truck of the defendant was traveling south on Noble Avenue,

Bridgeport, with its left front wheel about three feet from the white center line of that street. The car of one O'Connell was following directly behind it at a distance of some ten to fifteen feet. As the defendant's truck approached the intersection of Noble Avenue with Maple Street, which crosses Noble Avenue at right angles, and was about thirty-five feet north of the intersectional space, its speed was reduced from about twenty-five miles an hour to about twenty miles an hour and it commenced to turn gradually to its left. It continued to move toward its left, its speed being gradually reduced until, headed toward the southeast corner of the intersection with its left front wheel a foot over the white center line of Noble Avenue, it was moving at a speed of ten to twelve miles an hour. When the defendant's truck reached this position the O'Connell car, which had continued in a straight line, was eight to ten feet behind it. The O'Connell car then moved slightly to the right, its operator expecting to pass to the rear of the defendant's truck as it turned left into Maple Street. Instead, the defendant's truck was turned suddenly to the right to go west into Maple Street and the two cars collided, the left front fender of the O'Connell car and the right front fender of the defendant's truck coming in contact, and the O'Connell car thereafter mounting the sidewalk and injuring the plaintiff.

The substance of the charge which the trial court gave the jury in the paragraphs attacked by the assignments of error is that the plaintiff claimed there was no real passing to the right but rather a passing to the rear, and that if the defendant's truck turned so far to its left that the driver of the O'Connell car could reasonably assume that it was turning to its left into the intersecting street he, in going by, was not to be

regarded as passing the defendant's truck within the meaning of the statute.

The statute in question is General Statutes, Cum. Sup. 1939, § 544e. The pertinent part of it is as follows: "Any person, when driving, operating or having the custody of a vehicle on the highway, who shall meet any person walking or driving, riding or leading a horse or other animal, or driving or operating a vehicle in the traveled portion of such highway, shall reduce its speed when reasonable care shall require and seasonably turn to the right so as to give half of the traveled portion of such highway, if practicable, and a fair and equal opportunity to the person so met to proceed; or, if he shall overtake another, the person overtaking shall pass on the left side of the person overtaken, and the person overtaken shall, as soon as practicable, turn to the right so as to give half of the traveled road and a free passage on the left to the other."

As authority for its position the defendant relies upon our interpretation of the statute in *Murphy* v. *Way*, 107 Conn. 633, 141 Atl. 858. That was a case where the overtaken car had come to a stop when the overtaking car passed to the right of it and struck a pedestrian crossing the street. The trial court charged the jury that the rules of the road must be reasonably applied and that it was a question of fact for them to decide whether there had been a violation of the statute. Upon appeal we held that this was error and said that the statute "prescribes, in plain and unequivocal terms, what course shall be pursued by a vehicle overtaking and passing another" and, "if the law of the road may be subjected to unexpressed exceptions and individually varying applications, what becomes of the recognized right of every user of the highway to govern his conduct upon the assumption

that other users know and will obey the law regulating their own use of it?"

In *O'Bannon* v. *Schultz,* 117 Conn. 619, 169 Atl. 601, we held it to be a violation of the statute where an overtaking car overlapped a car to the latter's right so that the front wheels of the overtaking car were abreast of the other car's rear wheels, and we pointed out that a principal danger of collision, which the statute is designed to obviate, is while the overtaking vehicle is passing alongside the one overtaken. In both these cases it was conceded that the cars were traveling in the same direction prior to the collision. After the decision in *O'Bannon* v. *Schultz,* supra, the statute was amended to its present form, making an exception when cars "traveling in the same direction have come to a stop in two or more lanes and the vehicles in the right lane, when proceeding, pass the vehicles in the left lane."

While the assignments of error attack specific paragraphs of the charge, the defendant does not make any claim in its brief that, if it was a question of fact whether the O'Connell car was overtaking the defendant's truck within the meaning of the statute, the test given by the trial court for determining whether the former was overtaking the latter was incorrect. Its contention is that upon the factual situation most favorable to the plaintiff there could be but one conclusion, that there was a statutory violation, and so it became the duty of the court to instruct the jury to that effect.

If the statute were construed literally, there might be some merit to the claim that overtake means to catch up with. But to the expressed words of the statute must be added by fair implication of legislative intent the words "while traveling in the same direction," the expression used in the amendment relating

to the exception. That part of the statute which governs the conduct of operators of vehicles approaching from opposite directions also indicates that the rule as a whole relates to vehicles approaching in substantially the same plane. Direction has been defined to mean "the line or course upon which anything is moving or aimed to move." Webster's New International Dictionary. This, of course, does not mean that every variation in direction renders the statute inoperative, for under our interpretation of the rules of the road a vehicle may be operated in any part of the highway, with certain statutory exceptions, until it meets or is overtaken by another vehicle. *Hawley* v. *Yellow Cab Company,* 107 Conn. 709, 710, 142 Atl. 397. Slight variation in direction would not affect the operation of the statute as a matter of law. Great variation might take a case out of the statute as a matter of law. Between the two there lies a debatable ground where it is a question of fact for the trier to decide whether the cars were "traveling in the same direction." The claims of proof in the instant case were such as to make it a question of fact to be submitted to the jury whether there had been a change of course in the defendant's truck which made the statute inoperative. *Barry* v. *Leiss,* 109 Conn. 484, 489, 147 Atl. 18.

There is no error.

In this opinion the other judges concurred.