CEDRIC B. LOSIER *v.* CONSUMERS PETROLEUM CORPORATION ET AL.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON and WYNNE, Js.

Argued April 4—decided July 13, 1944.

*Samuel H. Platcow,* with whom was *Farrel J. LeRoy,* for the appellants (defendants).

*George N. Foster,* for the appellee (plaintiff).

WYNNE, J. In this action the plaintiff had a verdict for personal injuries sustained in a collision between an automobile which he was operating and an oil truck operated by the defendant Corvino as the agent of the named defendant. The defendants have appealed from the court's denial of their motion to set aside the verdict, and also from the judgment. Only two assignments of error under the latter, concerning the charge, require consideration.

The plaintiff's material claims of proof are: On December 5, 1940, at about 10:30 a. m., he was operating an automobile in a westerly direction on Fairfield

Woods Road in Fairfield, approaching Stratfield Road, which, intersecting it, runs northerly and southerly. There was a state traffic commission stop sign at the southeasterly corner of the intersection and no similar sign at the northeasterly corner. As he approached the intersection he was traveling between fifteen and eighteen miles per hour. As he reached the intersection he slowed down to about ten to twelve miles per hour, entering the intersection. The defendant Corvino was operating an oil tank truck northerly on Stratfield Road. Although he saw the plaintiff, and although it did not seem to him that the plaintiff was going to stop at the sign, he nevertheless did not apply his brakes, but continued into the intersection. The plaintiff had proceeded about four or five feet beyond the middle of the intersection when the two vehicles came together. The defendant's material claims of proof are: The plaintiff did not stop before entering the intersection. The defendant Corvino had seen the plaintiff as the latter drew towards the intersection. Knowing of the presence of the stop sign and relying on the assumption that the plaintiff would come to a full stop, Corvino entered the intersection. The two vehicles came together and plaintiff was injured.

As the finding fairly presents the two points which are determinative of the appeal, no correction is necessary. The crux of the appeal concerns the court's conception of the statute (General Statutes, Cum. Sup. 1939, § 123e) relating to the placing of signs by the state traffic commission at an intersection with a through way. It was conceded that Stratfield Road is a so-called through way. The pertinent language of the statute follows: ". . . each such sign shall be located as near as practicable to the traveled portion of the highway at the entrance to which the stop is to be made, or at the nearest line of the crosswalk

thereat, and shall be clearly visible for a distance of one hundred feet along the street intersecting the through way. (c) Each person operating any vehicle upon any street intersecting any officially designated through way shall bring such vehicle to a full stop at the place where such street meets the prolongation of the nearest property lines of such through way or at a clearly marked stop line. . . ."

The court charged the jury that the stop sign on the southeast corner of the intersection was not placed in conformity with the provisions of the statute and was not controlling as to westbound traffic on Fairfield Woods Road. In effect, the court directed the jury to disregard the stop sign, in so far as it controlled westbound traffic, other than as a circumstance indicating that the plaintiff was approaching a through way and so bearing upon his duty to stop in the exercise of reasonable care in discharge of his common-law duty. It is to be noted that the stop sign may be located without regard to the position of the property line and that there is nothing in the statute which specifically requires it to be located on the right side of the intersecting street. In *Olson* v. *Musselman,* 127 Conn. 228, 237, 15 Atl. (2d) 879, we said: ". . . the requirement that the 'stop' sign . . . be placed 'as near as practicable to the traveled portion of the highway at the entrance to which the stop is to be made,' permits it to be located without regard to the position of the property line; and the elements to be considered in entering into the determination of where it is 'practicable' to place it include a proper regard to the giving of reasonable notice of the intersection to drivers approaching it." We were construing the statute in connection with a charge which related to the requirement as to the place where a stop must be made. It there appeared that the plaintiff stopped at the stop sign,

which was located some sixty-four feet from the through street and at a place where the plaintiff would be unable to see traffic approaching on the through street. It was held that the trial court was correct in charging that a stop at the stop sign did not comply with the requirements of the statute, but that the charge was erroneous in so far as it instructed the jury that it was the duty of the operator on the intersecting street to stop at a point which the court indicated the jury might take as the prolongation of the nearest property line which could reasonably be observed by the driver. We said that because it was not reasonably possible for a driver to determine "the prolongation of the nearest property line" the statute must be held to be inoperative.

Whether in the instant case the sign complied with the requirement that it be located as near as practicable to the entrance to the through way was a question of fact. The trial court's instruction that the statute was inoperative merely because the sign was located on the left side of the stop street was erroneous. The question whether the sign was a compliance with the statute should have been left to the jury. Some of the factors to be considered by the jury in determining whether the sign was located as near as practicable to the traveled portion of the through way are "a proper regard to the giving of reasonable notice of the intersection to drivers approaching it"; *Olson* v. *Musselman,* supra; and the particular circumstances existing, such as the proximity of the sign to the through way, its proximity to the crossway, the point where it would naturally be most easily seen by the driver of the approaching car and what location would involve the least likelihood of anything interfering with his view of it, such, for instance, as buses standing at their terminals.

In his complaint the plaintiff alleged that "he will be unable to perform the same type of work which he was doing prior to the accident, thereby permanently reducing his earning capacity."

In its charge the court said that the plaintiff was "entitled to recover for wages which have been lost because of inability to work." In view of the claim of permanent reduction of earning capacity, the court should have charged in accordance with the rule recognized in *McManus* v. *Jarvis,* 128 Conn. 707, 713, 22 Atl. (2d) 857. Where a plaintiff claims damages for future loss in capacity to earn, the jury should be instructed to consider the probable length of time during which earnings would be realized, taking into account all the natural incidents of life which in the normal process of existence might be expected to reduce the aggregate earning capacity, such as accident, sickness, disability and the like. The court's brief comment as to loss of wages under the circumstances was not sufficient for the guidance of the jury.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion BROWN and DICKENSON, Js., concurred.

JENNINGS, J. (dissenting). I disagree with so much of the majority opinion as finds error in the charge concerning the stop sign. When the mandate of the legislature is positive and clear it must be, and is, carried out. *Andrew* v. *White Bus Line Corporation,* 115 Conn. 464, 466, 161 Atl. 792. The statute under consideration contains no direction as to the side of the street on which the stop sign shall be placed. It should receive a sensible construction which will carry out the legislative intent. *Guhring* v. *Gumpper,* 117 Conn.

548, 552, 169 Atl. 189. It was obviously enacted as a safety measure for the regulation of traffic. Under existing complicated traffic conditions, a stop sign on the driver's left is of doubtful, if any, value to carry out this purpose. In my opinion, the legislature cannot have intended to subject an operator who fails to stop at such a sign to either civil or criminal liability. General Statutes, Cum. Sup. 1939, §§ 123e, 127e. I think the charge on this point was correct.

In this opinion MALTBIE, C. J., concurred.