CHARLES W. RICHARDS, administrator, *vs.* GEORGE A. PASS.

Essex.    November 3, 1931. — December 2, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Way,* Public: coasting. *Municipal Corporations,* Regulation of ways. *Negligence,* Violation of ordinance, Coasting.

Section 10A, added to G. L. c. 85 by St. 1924, c. 296, was not intended to repeal the authority to regulate coasting on public ways conferred upon municipalities by G. L. c. 85, § 10; nor are the provisions of said § 10A inconsistent with those of § 10 so that § 10A by necessary implication operated to make void ordinances concerning coasting adopted previous to its enactment.

An ordinance, adopted by a city under St. 1875, c. 136, § 1 (now in substance contained in G. L. c. 85, § 10), prohibiting coasting upon any public way without the permission of the city's commission on ways and drainage, was not unreasonable and did not constitute an improper surrender of authority to said commission.

Where, in an action of tort by an administrator for the causing of his intestate's death, it appeared that the intestate was killed in a collision

between an automobile of the defendant and a sled upon which the intestate was coasting on a public way in a city on which coasting was prohibited by an ordinance of the city, it was *held*, that the immediate cause of the collision was the illegal use made of the way by the in- testate, and that the plaintiff could not recover.

TORT for causing the death of the plaintiff's intestate. Writ dated May 18, 1927.

The action was tried in the Superior Court before *Pinanski*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged an exception.

*E. J. Owens*, (*E. C. Jacobs* with him,) for the plaintiff.

*H. R. Mayo*, for the defendant.

PIERCE, J. This is an action of tort, tried to a jury, to recover for the death of the plaintiff's son, a boy nine years of age, immediately following a collision between a small sled upon which the intestate was coasting and a stationary automobile which had been operated by the defendant shortly before the accident. At the close of all the evi- dence the presiding judge allowed the defendant's motion for a directed verdict. The jury thereupon returned such a verdict, and the case is before this court on the plaintiff's exceptions saved to that direction and the action by the jury.

The facts as they warrantably could have been found in support of the plaintiff's contentions are, in substance, as follows: The accident occurred on Atkins Avenue, in the city of Lynn, at about noon on January 1, 1927. Atkins Avenue begins at Verona Street, is about eight hundred feet in length, has an upward grade, and is a public high- way. On January 1, 1927, the roadway of the avenue was covered with "two or three inches of ice," with ruts in it. At the time of the accident, and before on the same day, there were sixty to eighty children sliding on this avenue. Immediately before the accident the intestate, lying flat on his stomach, with another boy kneeling on top of him, was steering the sled as it coasted down the hill. At the same time, and for twenty minutes before, the defendant's automobile stood, where it had been left by the defendant,

on the left side of the avenue facing up the hill, with its outside wheel "eleven feet-from the gutter" and "in a rut." The sled steered as above described came down the hill very fast, got into the rut in which the defendant's automobile was, and followed the line of that rut as it passed under the automobile of the defendant with the result that the intestate's head came under and in contact with the right forward spring of the automobile with a violence that caused his immediate death.

At the trial the plaintiff offered and the judge received in evidence two sections of the 1923 ordinances of the city of Lynn, which read as follows: "Section 7: No person owning or operating a vehicle shall stop the same with its left side to the curb except on a one-way street." "Section 8. No person owning or operating a vehicle shall stop or stand the same except with the two wheels of the same nearest the side of the way where said vehicle stops parallel to and not more than six inches from the extreme outer edge of the sidewalk of said way, except on those ways set forth herein." No exception was saved to the admission in evidence of the ordinance and no motion was made by the defendant to strike out any part of the evidence admitted pertaining to the introduction of the traffic regulations.

The evidence warranted the finding that before the accident there had been sliding there between one and two hours; and on such finding it could have been further found that the defendant when he parked his automobile in violation of the ordinance knew, or should have known from seeing the boys at the top of the hill, that boys were then coasting or about to coast upon the street, notwithstanding the fact that coasting was prohibited on that street.

Upon the plaintiff resting his case the defendant offered in evidence, without objection, the revised ordinances of the city of Lynn adopted in 1920, and particularly § 51 of c. IV of said ordinances, relating to streets, sewers and drains, in effect on the date of the accident. Section 51 reads: "No person shall . . . coast or course upon any sled or sleds . . . in or upon any side-walk, street, square or public place in the city without permission of the commission on ways and

drainage." Section 59 reads: "Any person who shall offend against any of the provisions of these regulations shall forfeit and pay for each and every offence a sum not less than one dollar . . . nor more than twenty dollars . . . except where penalty is already prescribed . . . ." At the time the ordinances were adopted, § 22 of the charter of the city of Lynn, Spec. St. 1917, c. 340, provided, in part, that "The mayor, city engineer, superintendent of streets and sewers, commissioner of water supply, and one member to be elected by and from the city council, shall constitute a commission on ways and drainage, of which the mayor shall be chairman."

The city of Lynn by virtue of St. 1875, c. 136, § 1, now in substance contained in G. L. c. 85, § 10, had authority to make in 1920 "such rules and regulations in relation . . . to the use of sleds or other vehicles for coasting in and through the streets or public ways" as shall be deemed necessary "for the public safety or convenience, with penalties for violation thereof, not exceeding twenty dollars for one offence." G. L. c. 85 was amended by St. 1924, c. 296, by inserting after § 10 a new section which reads: "*Section 10A.* Selectmen in towns, and the aldermen or other board or officer having charge of ways in cities, may by regulation designate certain ways or parts of ways, other than state highways, upon which and the hours during which coasting may be permitted and may in like manner regulate the use of such ways by vehicles during such hours." This section was not intended to repeal the authority theretofore conferred upon towns and cities by § 10 of G. L. c. 85, nor by reason of any inconsistency with the provisions of G. L. c. 85, § 10, does it operate by necessary implication to make void ordinances adopted previous to the quoted amendment. The revised ordinances passed in 1920 were admitted in evidence without objection or exception as in effect on the date of the accident.

There is no evidence in the record to the effect that Atkins Avenue was at the time of the accident a street designated by the commission on ways and drainage on which coasting would be permitted. It is the contention, however, that the city of Lynn under St. 1875, c. 136, § 1, G. L. c. 85, § 10, had

not power to prohibit the use of the street for coasting without the permission of the commission on ways and drainage; that, therefore, the ordinance was void and the plaintiff's intestate was lawfully on the street; and that the delegation of the power to permit the use of the street to the commission on ways and drainage was a surrender of the authority of the city to make rules and regulations, to that commission, without authorization by statute. We think, however, that it was not an unreasonable rule or regulation to prohibit the use of the street for coasting, generally, leaving to a board or commission which had charge of the ways a power to suspend the inhibition of the general rule and to permit the use of particular streets or parts of streets when in its opinion such permission would not unduly endanger the public in the use of the street or the coasters in the exercise of the privilege granted. *Pedrick* v. *Bailey*, 12 Gray, 161. *Lowell* v. *Simpson*, 10 Allen, 88. It is plain the immediate cause of the accident was the illegal use made of the street by the intestate, and that such use was not a condition of an otherwise lawful use but was a contributing cause without which the accident would not have happened. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596, 603. *Boyd* v. *Ellison*, 248 Mass. 250, 254. *Widronak* v. *Lord*, 269 Mass. 238, 240–241. *Query* v. *Howe*, 273 Mass. 92. *Cook* v. *Crowell*, 273 Mass. 356.

*Exceptions overruled.*