NUSHEN AHMEDJIAN, administrator, *vs.* EDWIN C. ERICKSON.

Worcester.    September 27, 1932. — November 1, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Negligence,* In use of way, Coasting, Violation of ordinance, Contributory. *Way,* Public: State highway, coasting. *Municipal Corporations,* By-laws and ordinances.

The exception, in G. L. (Ter. Ed.) c. 85, § 10A, of State highways from the ways upon which selectmen of towns may regulate coasting and use of vehicles, did not disclose a manifestation of legislative intent that State highways throughout the Commonwealth shall be free to coasters until the Legislature shall in some manner restrain the use of such highways for coasting, but on the contrary a legislative purpose was shown that, while towns and cities may regulate coasting upon ways and streets, they may not regulate nor permit the use of State highways for coasting.

A town or city may forbid coasting by sled or otherwise upon all public ways within its boundaries.

A by-law of a town forbidding coasting on ways within the town except on ways designated by the selectmen was effectual to forbid coasting upon a way not so designated, whether it was or was not a State highway.

The mere fact that the selectmen failed to designate any way whatever upon which coasting should be permitted did not render the by-law inoperative; the power to regulate implied the power to prohibit.

The fact that in the by-law above described, which provided that no "person shall coast or slide in or along any of the sidewalks or streets or ways of the town upon any hand-sled, board, jumper, or otherwise," except as above noted, the words "board, jumper, or otherwise," were used, did not make the by-law invalid, such words being distinctly separable from the word "sled," so that without them the by-law was left as one which stood as a complete by-law capable of being enforced.

At the trial of an action for the death of a boy killed by negligence of the defendant while he was coasting on a way of a town having the by-law above described, there was no evidence that the way where

the boy was coasting was not a State highway, and it appeared that the selectmen of the town had not designated any way where coasting would be permitted. The judge ordered a verdict for the defendant. *Held,* that

(1) The by-law was effectual to forbid coasting where the boy was;

(2) By reason of the boy's violation of the by-law, the action was barred;

(3) The verdict rightly was ordered.

TORT for causing the death of the plaintiff's intestate, Vahey Ahmedjian. Writ dated June 4, 1929.

In the Superior Court, the action was tried before *Dillon,* J. Material evidence is described in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

*M. M. Taylor,* for the plaintiff.

*D. F. Gay,* for the defendant.

PIERCE, J. Upon the plaintiff's request, with the assent of the defendant and after two disagreements by the jury, this case comes before this court upon the allowance of a report thereof by the Superior Court. The action was one of tort, brought by the plaintiff as administrator of the estate of Vahey Ahmedjian who, on January 17, 1929, was almost instantly killed as the result of a collision of an automobile, operated by the defendant, with a sled upon which the plaintiff's intestate was coasting with two other boys.

The intestate was three years and four months old. Immediately prior to the accident he was sliding on a sled down Elm Street in the town of Northbridge. "Elm Street at the time of the accident was a privately owned street, which had been open to public use for some fifty years." As the sled came from Elm Street, going slowly and turning to the left around the corner into Fletcher Street, it was struck by the automobile operated by the defendant, which was passing along Fletcher Street, and the boys were thrown in the direction of the center of Elm Street. Fletcher Street is a public way in the said town of Northbridge. The "point of contact or collision between the automobile and sled in question was within the two side lines of Fletcher Street." "It is admitted that there was evidence

that the driver of the automobile, as he approached upon Fletcher Street travelling east, and Azad Ahmedjian, as he approached Fletcher Street upon the sled travelling northerly upon Elm Street, could each have seen the other as soon as their respective lines of vision were not cut off by the northeasterly corner of the tenement house," shown in an exhibit at the trial, and that the "defendant was intending to go on Fletcher Street farther than Elm Street." "Just before the ordering of the verdict by the court . . . [for the defendant] the defendant admitted that there was evidence from which negligence of the defendant could be found," and this opinion will proceed on that footing.

At the time of the accident there was a by-law in the town of Northbridge which was worded as follows: "Sec. 6. No person shall coast or slide in or along any of the sidewalks or streets or ways of the town upon any hand-sled, board, jumper, or otherwise, except at such places and under such restrictions and regulations as the Selectmen may from time to time designate in writing." At the close of the evidence the plaintiff admitted that the said by-law was legally adopted; that thereafter it was published according to the statutory requirements at the time; that it was duly approved by the then Attorney General of the Commonwealth; and that no change had been made in it prior to the time of the accident.

It is established law in this Commonwealth that a person coasting upon a public way in violation of law is barred thereby from recovering damages for injuries received in the course of such use through the negligence of another person or persons, the reason for the rule being that the immediate and efficient cause of the accident and injury was the illegal use of such way. *Boyd* v. *Ellison*, 248 Mass. 250, 254. *Query* v. *Howe*, 273 Mass. 92. *Richards* v. *Pass*, 277 Mass. 372. In the instant case the plaintiff contends that the law of the above cases is not applicable, for the reason that the by-law above quoted was invalid or that the defendant had failed to sustain the burden of showing a violation of this law by the plaintiff's intestate. G. L. (Ter. Ed.) c. 231, § 85, provides: "In all actions . . . to

recover damages . . . for causing the death of a person, the person . . . killed shall be presumed to have been in the exercise of due care, and contributory negligence on his part shall be an affirmative defence to be set up in the answer and proved by the defendant." The presumption referred to in the statute establishes the due care of the plaintiff's intestate in the absence of evidence showing the facts. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370. *Bagnell* v. *Boston Elevated Railway*, 247 Mass. 235. See *Sullivan* v. *Chadwick*, 236 Mass. 130, 134. The plaintiff, however, contends that said by-law of the town of Northbridge was not in legal effect on January 17, 1929, when the accident happened. R. L. c. 52, § 6, in force when the by-law was adopted, in 1906, provides as follows: "Cities and towns may make ordinances and by-laws . . . regulating the passage of carriages, sleighs, street cars, or other vehicles, or the use of sleds for coasting . . . upon or through any way or bridge." The statutes succeeding R. L. c. 52, § 6, down to and including G. L. (Ter. Ed.) c. 85, § 10, make no change except that the phrasing, "upon or through any way or bridge" in St. 1917, c. 344, Part 5, § 12, in G. L. (Ter. Ed.) c. 85, § 10, reads "upon or through any public way." Each of the statutes cited in the margin of G. L. (Ter. Ed.) c. 85, § 10, provides for the assessment of penalties for every violation of the by-laws.

By St. 1924, c. 296, a new section was added, now appearing in G. L. (Ter. Ed.) c. 85, as follows: "Section 10A. Selectmen in towns . . . may by regulation designate certain ways or parts of ways, other than state highways, upon which and the hours during which coasting may be permitted and may in like manner regulate the use of such ways by vehicles during such hours." Because no evidence was offered at the trial to show whether Fletcher Street was or was not a "state highway," the plaintiff contends that the absence of proof by the defendant that Fletcher Street was not a "state highway" leaves the facts in the same condition as they would be had it appeared affirmatively that Fletcher Street was a "state highway." Assuming the correctness of the position taken by the plain-

tiff, it does not follow from the exception that there is in the statute inferentially a manifestation of legislative intent that State highways throughout the Commonwealth shall be free to coasters until the Legislature shall in some manner restrain the use of such highways for coasting. On the contrary, we think the legislative purpose shown by the statute is that, while towns and cities may regulate coasting upon ways and streets, they may not regulate nor permit the use of State highways for coasting.

This brings us to the question whether a town or city may forbid coasting by sled or otherwise upon all public ways within its boundaries. The language of the several statutes from the earliest times is consistent with the existence of such authority. As an illustration, St. 1901, c. 192, authorizes a "city or town . . . by ordinance or by-law" to prohibit certain forms of riding or propelling vehicles "upon any of the streets or ways therein, at a rate of speed which it deems inconsistent with public safety." R. L. c. 52, § 6, provides for regulating the "passage of carriages," "the use of sleds for coasting . . . upon or through any way or bridge." See also to the same effect, Pub. Sts. c. 53, § 15. St. 1893, c. 476, provided for the laying out of State highways. No provision is contained therein as to limitations upon the rights of cities and towns to pass ordinances and by-laws regulating the use of the same when passing through the limits of a town. It is to be noted that by § 14 police jurisdiction over all State highways is given to cities and towns. See now G. L. (Ter. Ed.) c. 81, § 19. See also in this connection *Commonwealth* v. *Theberge*, 231 Mass. 386, 390, wherein it is said "the Commonwealth, which has power to regulate the use of the State highways, can delegate the administration of such powers to cities and towns which contribute toward their repair and maintenance."

The by-law in question, therefore, operated to preclude the use of Fletcher Street, whether it was or was not a State highway, unless, as the plaintiff contends, the by-law was invalid in that certain ways or parts of ways were not set apart for coasting, upon which, within certain hours, there

might be coasting. It is plain the by-law is not obnoxious to this objection. The town in the exercise of its sound discretion is presumed to have denied the use of the ways for coasting, for the reason that such use would necessarily be attended with danger to the users of the way and to coasters which would be entirely disproportionate to any gain to the health and happiness of the coaster. The power to regulate implies the power to prohibit the use of the ways within the purview of a by-law or ordinance, when the public safety would be imperiled by permitting the use. *Attorney General* v. *Boston,* 142 Mass. 200, 203.

The plaintiff further contends that the by-law of 1906 was invalid because it contains the words "board, jumper, or otherwise." We think it obvious that the words "board, jumper, or otherwise" are distinctly separable from the word "sled," and without them leave the by-law as one which stands as a complete by-law capable of being enforced. *Goldstein* v. *Conner,* 212 Mass. 57, 59. *Commonwealth* v. *Slocum,* 230 Mass. 180, 191.

We have considered all the contentions of the plaintiff and each of his several exceptions, and find nothing of substance in the contentions or of error in the rulings and refusals to rule of the trial judge. It results that judgment should be entered on the verdict, and it is

*So ordered.*