HELEN M. WASHBURN, ADMINISTRATRIX, (ESTATE OF JENNIE M. WASHBURN) *vs.* LYMAN LaMAY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 7th—decided April 25th, 1933.

*Frank Covello,* for the appellant (plaintiff).

*Ralph O. Wells,* for the appellees (defendants).

MALTBIE, C. J.   The plaintiff brought this action to recover damages for the death of her decedent, caused

by a collision between the automobile in which the decedent was riding and a motor truck owned by one and driven by the other defendant. From the judgment entered upon a verdict in favor of the defendants, the plaintiff has appealed. She has assigned errors in the failure of the trial court to give certain requests to charge and in certain portions of the charge as given. The trial court charged the jury that if they reached the conclusion that the defendant driver was negligent prior to the time of the collision and that that negligence was a substantial factor in causing the accident, and the plaintiff's decedent was free from contributory negligence, the plaintiff would be entitled to recover even though the defendant driver "did all that he could in attempting to avoid the accident, because the defendant cannot nullify any primary negligence of his by any subsequent act upon his part;" this was a correct charge; *Pietrycka* v. *Simolan*, 98 Conn. 490, 498, 120 Atl. 310; and it was a sufficient compliance with the request to charge directed to this aspect of the case. The explanation by the trial court of the duty of the defendant driver to have his car under reasonable control, was correct and adapted to the issues on trial. The failure of the trial court expressly to charge the jury that the plaintiff would be entitled to recover if, her decedent being free of contributory negligence, the driver of the car in which she was riding and the driver of the truck were guilty of concurrent negligence, affords the plaintiff no ground for complaint in view of the court's charge that, if the jury found the defendant driver guilty of negligence which was a substantial factor in producing the accident, the plaintiff would be entitled to recover without regard to any negligence on the part of the driver of the car in which her decedent was riding.

.. The claim of error most seriously pressed is a portion of the charge which dealt with the application of § 1639 (b) of the General Statutes to the issues in the case. The statute provides that "any person operating any motor vehicle upon approaching an intersecting highway. . . . provided signs on the highway, legible for a distance of one hundred feet, indicate such intersecting highway, . . . shall reduce the speed of such vehicle and give timely signal when reasonable care shall require such action." When the legislature has enacted a statute governing the operation of motor vehicles, the terms of which are clear and precise, it is the duty of the courts to apply it in accord with the intent expressed in the Act, without limitation, exception or extension. *Murphy* v. *Way*, 107 Conn. 633, 638, 141 Atl. 858; *Hawley* v. *Yellow Cab Corporation*, 107 Conn. 709, 142 Atl. 397; *Andrew* v. *White Line Bus Corp.*, 115 Conn. 464, 466, 161 Atl. 792. We cannot interpret this statute as though it directed the driver of an automobile, in the situation described, either to reduce the speed of his car or to give a timely signal or to do both, when reasonable care required. The trial court construed the statute correctly, when it stated, in effect, that if reasonable care required a driver both to slow down and to give a signal and he failed to do both, he would have violated the statute, but if reasonable care required him to slow down but did not require him to signal, or to signal but not to slow down, his failure to do either would not constitute such a violation. The charge elsewhere sufficiently dealt with the duty of the driver of the truck under the common law to reduce its speed if reasonable care required. The charge as a whole was a full and careful exposition of the principles of law necessary for the guidance of the jury, couched in language

unusually well adapted to the understanding of a jury of laymen.

There is no error.

In this opinion the other judges concurred.