CELESTINE BOILEAU *vs.* JOHN WILLIAMS ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

---

Argued May 12th—decided June 3d, 1936.

*Charles A. Watrous* and *James W. Cooper,* for the appellant (defendant Connecticut Company).

*Harrison D. Schofield,* for the appellant (defendant Williams).

*Michael V. Blansfield,* for the appellee (plaintiff).

BANKS, J. The plaintiff was a passenger in a bus of the Connecticut Company which had stopped opposite his house to permit him to alight, and while he was engaged in paying his fare the bus was struck in the rear by a car operated by the defendant Williams. As a result of the collision he was thrown to the floor of the bus and injured. He brought suit against Williams and the Connecticut Company and recovered a verdict against both. Both defendants appeal from the refusal of the trial court to set aside the verdict, and the Connecticut Company also appeals on the ground of claimed errors in the charge and the refusal of the court to charge as requested.

With respect to the appeal of the defendant Williams the jury could reasonably have found the following facts: At the point where the bus had stopped the road was twenty-eight feet wide. The bus, which was eighty-five inches wide, came to a stop with its right front wheel one foot from the grass on the easterly edge of the road and its right back wheel about two feet from the grass. There was a curve in the road at this point but the bus was clearly visible to a driver of a car approaching from the rear for a

distance of at least two hundred and seventy-five feet. The stop lights on the bus were lighted when it came to a stop, and the driver looked in his rear view mirror and saw no vehicle approaching within the limits of his vision of two hundred and seventy-five feet. The bus had been standing about half a minute with its brakes set when it was struck in the rear by the Williams car with such force as to shove it forward a distance variously stated as between five and fifteen feet. As Williams approached the bus from the rear there were three people walking toward him on his left side of the road and nearly opposite the bus. He applied his brakes, the road was wet, and his car slid for about seventy-five feet and struck the rear of the bus. He knew the road was slippery and if he had applied his brakes when he first saw the bus he could have stopped his car without striking it.

The defendant Williams claimed that the space between the pedestrians and the bus was such that it would have been dangerous to attempt to pass between them, and contends that their presence upon the side of the road opposite the bus created a sudden emergency requiring him to elect between endangering their lives and colliding with the bus, and that, when confronted with this emergency, he did all that could reasonably be expected of him to avoid a collision. If the emergency was created by his own negligent conduct, that he subsequently did all that could be expected of him to avoid an accident would not absolve him from liability for the results of his previous negligence. *Pietrycka* v. *Simolan,* 98 Conn. 490, 498, 120 Atl. 310; *Washburn* v. *LaMay,* 116 Conn. 576, 577, 165 Atl. 791. The jury could reasonably have found that if he had been keeping a proper lookout he could have seen the pedestrians as well as the bus when he was at least two hundred and sev-

enty-five feet away, and that if he had proceeded there-after at a reasonable rate of speed and had had his car under proper control he should have been able, when he found it was not safe to pass between the pedestrians and the bus, to have brought his car to a stop without striking either of them. The trial court did not err in refusing to set aside the verdict as against this defendant.

The only allegations in the complaint of negligence on the part of the Connecticut Company were that the bus had stopped on a curve with its end protruding into the highway so as to impede traffic in violation of § 1639 of the General Statutes, and that it failed to display lights in violation of §§ 1598 and 1640 of the General Statutes. Section 1640 requires the lighting of vehicles from one-half hour after sunset until one-half hour before sunrise. The collision occurred between sunrise and sunset and the court correctly instructed the jury that this section had no application to the case. The portion of § 1598 claimed to be applicable in this connection provides, in substance, that whenever smoke or weather conditions render it impossible to see at least two hundred feet ahead each motor vehicle shall display a red light from behind. The court read a portion of this section to the jury and submitted to them the question whether, upon the evidence as to the weather conditions existing, it was necessary to have such a light burning. It does not appear from the finding that any party offered evidence to prove that the weather conditions were such that it was impossible to see two hundred feet ahead. The most that appears in the finding is that the plaintiff offered evidence that the visibility was poor because the sky was overcast, that it was not raining and no vehicles on the road had headlights burning. The court should not have submitted to the

jury the question of this defendant's liability under this allegation of negligence. Reference to the evidence in connection with the defendant's motion to set the verdict aside discloses that there was no evidence which would justify a verdict based upon this allegation, and, further, that the failure of the bus to display a red light could not have been a proximate cause of the collision since Williams himself testified that he saw the bus as soon as he rounded the curve.

With regard to the claim of negligence based upon a violation of the provisions of § 1639, the court charged as follows: "Now, 1639 of the statutes is entitled 'Rules of the Road,' and it provides that a person shall give to other persons on the highway one-half of the traveled portion of the highway. . . . Our statutes also require an automobile driver to keep to the right of the center line of the highway so as to allow one-half of the traveled portion for the use of others lawfully on the highway." This was a rear end collision between the bus and the Williams car which was traveling in the same direction and had overtaken it. The only portion of § 1639 which could be claimed to be applicable is that relating to such a situation which reads as follows: "If he [an operator] shall overtake another, the person overtaking shall pass on the left side of the person overtaken, and the person overtaken shall, as soon as practicable, turn to the right so as to give half of the traveled road and a free passage on the left to the other." The charge did not correctly instruct the jury as to the duty devolving upon this defendant under § 1639. The statute does not generally restrict the operator of an automobile to any particular part of the highway. As applied to a situation when one vehicle is overtaking another, it merely requires the latter to turn to the

right "as soon as practicable" so as to give the other a free passage and half of the traveled road. The court's charge that a person is absolutely required in any event to give another one-half of the traveled portion of the highway was incorrect and misleading, especially as applied to the situation disclosed by the finding, in which it appears from the plaintiff's claim of proof that the bus had been standing upon the highway half a minute before the collision took place, and the jury might well have found that it was not practical for it to turn to the right after the Williams car began to overtake it.

Section 1653 of the General Statutes provides that no vehicle shall be permitted to remain stationary upon the traveled portion of any highway at any curve or turn or at the top of any grade when a clear view of such vehicle may not be had from a distance of at least one hundred and fifty feet in either direction. The court charged the jury that both Williams and Boileau claimed that as the distance shortened toward one hundred and fifty feet Williams' view was partially or totally cut off by a bank on the side of the road and a curve, and that if his claim was correct the driver of the bus violated this statute. The finding states that both the plaintiff and the defendant Williams claimed to have proved that the bus was stopped on a curve in such a location that a clear view of it could not be had by Williams until he was within less than one hundred and fifty feet of it. The defendant Connecticut Company claims, and is entitled to, a correction of these paragraphs of the finding. The plaintiff placed in evidence a map, the accuracy of which was not questioned, from which it appears that the curve in the road would not cut off a view of the bus for a distance of at least two hundred and seventy-five feet, and the plaintiff himself

gave the distance as about three hundred feet. The only evidence of a lesser distance was that of Williams, who at first said he could not say exactly how far away the bus was when he got a clear view of it as he came around the curve, then that it was one hundred or one hundred and fifty feet "anyway," that in his estimation it was around one hundred and fifty feet, and later, when shown the map, that it might be two hundred feet. These vague estimates cannot be construed as limiting the visibility to less than one hundred and fifty feet, and certainly would not justify a finding to that effect in the face of the undisputed evidence of the plaintiff's own map. Upon the evidence offered, the court should not have submitted to the jury the question of the violation of § 1653, and the jury could not reasonably have found that there was any evidence of such violation.

The plaintiff claimed that his injuries were caused by the concurring negligence of both defendants. The Connecticut Company claimed that, even if its bus driver was negligent in stopping his bus as he did, his negligence was not a proximate cause of the collision, but that the active intervening negligence of the defendant Williams was the sole proximate cause. This defendant asked the court to charge that if Williams could have avoided the collision by the exercise of due care after he saw or should have seen the bus, the negligence of the driver of the bus could not be the proximate cause of the plaintiff's injuries. The court did not err in failing to charge in the words of this request. Whether the negligence of Williams was such an intervening cause as to break the chain of causation between the negligence of the driver of the bus and the accident, or make the latter's negligence a mere condition rather than a substantial factor in bringing it about, was, under the circumstances of

this case, a question of fact for the jury under appropriate instruction from the court. *Roden* v. *Connecticut Co.*, 113 Conn. 408, 413, 155 Atl. 721; *Mahoney* v. *Beatman*, 110 Conn. 184, 197, 147 Atl. 762; *Podolsky* v. *Sautter*, 102 N. J. L. 598, 133 Atl. 199; see Amer. Law Institute Restatement, Torts, § 447.

The court charged, in substance, that a defendant's negligence, to impose liability, must have been a proximate and substantial cause of the injury; that if the negligence of one only of the defendants caused the collision that defendant only would be liable, but if the negligence of both contributed in a proximate and material way to cause it, both should be held liable. This was a sufficiently correct statement of the general principles of concurring negligence and proximate cause, but would not go far toward helping the jury to determine whether, upon the particular facts of this case, the manner and location in which the bus was stopped could be held to have been a proximate cause of plaintiff's injuries. When, as here, injuries are claimed to have been caused by the concurring negligence of two defendants, and it is claimed that the active operation of the negligence of one is such a supervening cause as to prevent the antecedent negligence of the other from being a substantial factor in producing the injury, a statement to the jury of the general rule without any direction as to its application to the particular facts of the case, will not ordinarily be sufficient to enable a jury of laymen to understand and correctly apply rules which eminent jurists and text-writers have found no little difficulty in expounding. See *Mahoney* v. *Beatman*, supra.

This defendant claimed to have proved that the plaintiff requested the driver of the bus to stop opposite his house and that he had previously made the same request, and asked the court to charge that if

the bus stopped at or near the place where he requested it to stop, he was guilty of contributory negligence and could not recover. The court did not so charge but, on the contrary, charged that if the place where the bus stopped was a dangerous curve the fault could not be charged to the plaintiff so as to make him guilty of contributory negligence. Whether, upon the claims of proof made in this case, the plaintiff could be held to have been guilty of contributory negligence was a question of fact for the jury. The court did not err in refusing to charge as requested, but should have left the question of the plaintiff's contributory negligence to be decided by the jury as a question of fact.

As appears from what has been said in connection with the discussion of the claimed errors in the charge of the court, the jury could not reasonably have found the Connecticut Company negligent on any ground alleged in the complaint.

There is no error as to the defendant Williams. There is error and a new trial is ordered as to the defendant Connecticut Company.

In this opinion the other judges concurred.