JOSEPH SAGOR *vs.* JOSEPH BURNETT COMPANY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued January 8th—decided February 4th, 1937.

*Samuel M. Silver,* for the appellant (plaintiff).

*Martin E. Gormley,* for the appellee (defendant).

HINMAN, J.  The plaintiff, a boy ten years of age, riding a bicycle, with a companion on the handle-bars, came into collision with an automobile driven by defendant's agent at a street intersection in New Haven, and was injured.  The defendant claimed to have proved that the plaintiff in making a left-hand turn at the intersection failed to keep to the right of the center of the intersection and in so doing ran into the defendant's automobile causing his injuries.  The trial court referred to the statute (General Statutes, Cum. Sup. 1935, § 636c) "which provides that when the operator of any vehicle—and that includes a bicycle—is making a left turn at the intersection of two public highways he must at all times keep his vehicle to the right of the center point of the intersection" and charged that "a violation of this statute . . . is negligence in itself.  Accordingly if you should find that the plaintiff did violate this statute then you must conclude that he was negligent in that particular, and if you conclude that he violated that statute or that he was negligent in any other particular and that such violation or such negligence was a substantial factor in producing his own injuries, then you have found that he was guilty of contributory negligence. . . ."  Just previously the court had called attention to the age of the plaintiff and had charged that his conduct so far as concerned his claimed negligence was to be measured by that which is reasonably to be expected of children of similar age, judgment and experience.

*Marfyak* v. *New England Transportation Co.*, 120 Conn. 46, 50, 179 Atl. 9. The plaintiff claims that the same test should be applied in determining whether violation of the statute by him would constitute negligence and assigns error in the failure to so charge specifically in that connection. Reading as a whole the charge as to contributory negligence, we consider it very likely that the jury may have been led thereby to apply the qualification as to age, judgment and experience to the plaintiff's alleged conduct in violating the statute as well as to his conduct in other respects, and if so the plaintiff certainly would have no reason to complain.

That aside, however, we find no justification for the application of this qualification to the effect of violation of the statute as negligence per se. *Frisbie* v. *Schinto*, 120 Conn. 412, 415, 181 Atl. 535. Neither the statute nor any of our decisions under it suggest such an exception to its operation. The terms of the statute are clear and precise as to the course to be pursued by a vehicle in turning left in an intersection and which may be expected to be taken by others. *Andrew* v. *White Bus Line Corp.*, 115 Conn. 464, 466, 161 Atl. 792; *Murphy* v. *Way*, 107 Conn. 633, 637, 141 Atl. 858. "It is the duty of the courts to apply it in accord with the intent expressed in the act, without limitation, exception or extension." *Washburn* v. *LaMay*, 116 Conn. 576, 578, 165 Atl. 791.

As we stated in *Murphy* v. *Way*, supra, p. 638, the purposes of the statute would be subverted if the standards of conduct prescribed by it could be subjected to exceptions based upon the judgment of the individual user of the highway, and this consideration would be conspicuously applicable in the case of such a user whose capacity to exercise judgment was af-

fected by immaturity and inexperience. While the incapacities of youth are to be accorded due weight in matters of intent and criminal responsibility, it is not unreasonable or unfair to hold applicable to all operators of vehicles the rule that he who violates one of these statutory mandates does so at his own risk. *Murphy* v. *Way*, supra.

Although most of the States regard immaturity in measuring the conduct of children in determining questions of negligence (45 C. J. p. 998), no case has come to our attention in which children have been excepted from the operation of the rule which most States have long applied (45 C. J. p. 720) that violation of a statutory duty constitutes negligence. On the other hand, they have been denied recovery repeatedly for injuries of which the proximate cause was coasting upon a public way in violation of law. *Wright* v. *Salzberger & Son,* 63 Cal. App. 450, 218 Pac. 785; *Frazier* v. *Reinman,* 245 N. Y. Sup. 32; *Tamburrino* v. *Sterrick Delivery Corp.,* 271 N. Y. Sup. 765; *Query* v. *Howe,* 273 Mass. 92, 172 N. E. 887; *Richards* v. *Pass,* 277 Mass. 372, 178 N. E. 643; *Ahmedjian* v. *Erickson,* 281 Mass. 6, 183 N. E. 65. See also *Farrington* v. *Cheponis,* 84 Conn. 1, 8, 78 Atl. 652; *Fisher* v. *Duquesne Brewing Co.,* Pa. Sup., 187 Atl. 90, 94; *Benesch* v. *Pagel,* 171 Wis. 620, 177 N. W. 861; *Brown* v. *Daley,* 273 Mass. 432, 173 N. E. 545; Huddy, Automobile Law (9th Ed.) Vol. 5-6, p. 201.

Error is also assigned in failure to give a requested charge as to the duty of the operator of an automobile when he sees a child in a place of danger or has reason to apprehend that it might run into such a place. The finding, to which we are confined, affords no basis for this request and we cannot resort to the evidence, as the appellant asks, for the purpose of testing the

charge. *Walters* v. *Hansen,* 99 Conn. 680, 682, 122 Atl. 564.

There is no error.

In this opinion the other judges concurred.