## EMMA EPPS
*vs.*
## J. EDWARD SLAVIN
## SHERIFF OF NEW HAVEN COUNTY

Coram: Hon. John C. FitzGerald, A Judge of the Court of Common Pleas.

 

MEMORANDUM FILED AUGUST 9, 1941.

*Samuel Schlein,* of Milford, for the Plaintiff.

*Nathan Reback,* of New Haven, for the Defendant.

FITZGERALD, J.   On July 26, 1941, Emma Epps, hereinafter referred to as the petitioner, applied to the undersigned for the issuance of a writ of habeas corpus, setting forth under oath that "she verily believes that she is illegally deprived of her liberty."   The writ was issued by the undersigned as a Judge of the Court of Common Pleas, said court not now being in session, and pursuant thereto the petitioner was brought before me by J. Edward Slavin, sheriff of New Haven County and keeper of the county jail, hereinafter referred to as the respondent.   Since noonday of July 26, 1941, to date hereof, as more fully appears in the file of this case, the petitioner has been allowed to remain in the custody of her present counsel, Samuel C. Schlein, Esq.

Counsel for the respective parties have filed their pleadings, consisting of the respondent's return with a copy of the mittimus issued by the City Court of New Haven on June 5, 1941, by J. H. Nugent, assistant clerk of said court, attached thereto and marked Exhibit "A", petitioner's answer to the respondent's return, and respondent's reply to the petitioner's answer. Issue of law and of fact have been sufficiently joined for the purposes of this proceeding.

On August 1, 1941, a hearing was held before me on the merits of the case, at which hearing counsel conceded that the questions presented for consideration were primarily questions of law and not of fact. The following are the subordinate facts agreed upon by counsel and which I deem sufficient to enable me to proceed to a disposition of the questions of law:

1. The petitioner is a resident of West Haven, Connecticut, 44 years of age, and living with her husband.

2. On January 22, 1939, the petitioner was arrested on the charge of violating section 1585 of the General Statutes, Revision of 1930—operating a motor vehicle while under the influence of intoxicating liquor—in the City of New Haven, and on February 2, 1939, following a plea of "Not Guilty", was convicted of the charge in the City Court of New Haven and judgment of guilty was entered.

3. On May 13, 1941, the petitioner was again arrested on a similar charge in the City of New Haven, and on June 5, 1941, following a plea of "Not Guilty", was convicted of the charge in the City Court of New Haven, Judge Weiner presiding.

4. On said June 5, 1941, Nathan Reback, an assistant city attorney engaged in the prosecution of said case, following the court's finding the petitioner guilty of the offense for which she stood charged, but before imposition of penalty, further charged the petitioner with being a "second offender" under section 496e of the 1939 Supplement to the General Statutes, which amended section 1585 of the General Statutes, Revision of 1930.

5. The petitioner's aforesaid conviction on February 2, 1939, and judgment of guilty entered thereon, constituted the basis of this latter charge.

6. To this latter charge the petitioner first pleaded "Not Guilty" and then changed said plea to that of "Guilty."

7. The court imposed a sentence of 60 days upon the petitioner and set an appeal bond at $500, whereupon Robert E. Lee, Esq., the petitioner's counsel, stated to the court: "We do not care to take an appeal but would like to serve the sentence week-ends", to which the court replied: "All right, I will make that sentence to be served week-ends beginning Saturday, June 7th."

8. The petitioner has no children of her own but does take care of two infants in her home on a paying basis, the youngest being only two months old and the oldest 20 months old. At the trial of the criminal case in the City Court on June 5, 1941, the petitioner testified that she took care of children and did laundry work at home, in answer to a question put to her by the assistant city attorney respecting her occupation.

9. The judgment-files in the City Court of New Haven, relating to the judgment of that court on June 5, 1941, in the case entitled "State of Connecticut vs. Emma Epps", are two in number, one being file No. 93 and the second file No. 94. File No. 93 recites that the petitioner was charged with the crime of operating a motor vehicle while under the influence of intoxicating liquor and that "a second offense was substituted" as per file No. 94.

10. File No. 94 recites, so far as is material to this proceeding, that the petitioner was charged with the same crime specified in file No. 93, with the added element—"second offense"; that the petitioner is "adjudged guilty"; that the petitioner is sentenced to confinement "at hard labor for a term of 60 days and to stand committed until judgment is complied with"; and lastly, "committed—sentence to be served week-ends beginning Saturday, June 7, 1941."

11. The *mittimus* issued by J. H. Nugent, assistant clerk of said City Court, dated June 5, 1941, directed to the respondent in his official capacity as sheriff of New Haven County recites, among other things, that the petitioner had been "found guilty of the crime of operating a motor vehicle while under the influence of intoxicating liquor—2nd offense....60 days to be served on Saturdays and Sundays of each week. Costs have been paid at court. Sentence to begin June 7, 1941."

12. On Saturday morning, June 7, 1941, at 9 o'clock d.s.t., and on subsequent Saturday mornings up to and including Saturday, July 26, 1941, the petitioner presented herself to the respondent at the County Jail in New Haven and remained in his custody, in confinement, until the following Sunday evening at 9 o'clock d.s.t, when he released her until the following Saturday morning.

13. This program of "week-end" confinement of the petitioner in the County Jail has been held in abeyance since

noonday of Saturday, July 26, 1941, when the within habeas corpus proceeding was commenced.

14. Counsel representing the petitioner in this proceeding is not the same counsel who represented her in the City Court on June 5, 1941.

Principles of law are now considered in their relation to the questions of law necessarily involved in a proceeding of this character.

By the great weight of authority a habeas corpus proceeding instituted by a convicted prisoner for his release from imprisonment, predicated upon some error, omission, or mistake in the judgment or sentence of the court in which the judgment was rendered and the sentence imposed, is without legal efficacy and affords him no relief. In such an instance the remedy, if any, is by writ of error or direct appeal to correct irregularities and defects in the judgment or manner of sentence. See annotation entitled "Illegal Or Erroneous Sentence As Ground For Habeas Corpus", 76 A.L.R. 468, particularly p. 469 and cases collected and analyzed on pp. 469-476. It appears in the annotation that our Federal courts and the highest courts of at least 33 states of the Union are in accord on this general proposition. The rule laid down, however, seemingly finds its limitation to those instances when the court whose proceedings are under scrutiny had "jurisdiction of the person and the subject-matter, and the punishment is of the character prescribed by law." *Anno., supra*, p. 469.

So also, by the great weight of authority, if the judgment or sentence under which an individual is restrained of his liberty falls within the classification of a "void judgment" or "void sentence", such judgment or sentence may be assailed in a habeas corpus proceeding. *Anno., supra*, p. 468; 25 *Am. Jur. Habeas Corpus* §26; *Church, Habeas Corpus* (2d ed. 1893) §351. In this connection, and for the purpose of the instant case, it is deemed expedient to call attention to three propositions of law: (a) in a criminal case the judgment of the court includes the imposition of sentence of that court (*State vs. Lindsay*, 109 Conn. 239, 243); (b) the issuance of a *mittimus* is a ministerial as distinguished from a judicial act (*Alcorn, State's Attorney vs. Fellows*, 102 Conn. 22, 33); (c) a "void judgment" taints the *mittimus* issued by the court. *Church* in his treatise says, on this latter point (§355): "Of

course, if the judgment is void the *mittimus* is necessarily void, as the prisoner is held by virtue of the judgment and not the *mittimus*."

Was the judgment entered by the City Court of New Haven on June 5, 1941, a void judgment? This is the primary and controlling question in this proceeding.

The claim of law of the petitioner respecting the variance between the designation as to the manner of serving the 60 days' sentence contained in the judgment-file ("sentence to be served week-ends beginning Saturday, June 7, 1941") and in the *mittimus* ("to be served on Saturdays and Sundays of each week....to begin June 7, 1941"), and her further claim of law that the judgment is ambiguous as not succinctly defining what constitutes "week-ends", are without merit. In *McNally vs. Hill, Warden,* 293 U.S. 131, 85 L. ed. 585, the Supreme Court of the United States, referring to the Federal rule, said (p. 139): "*Habeas corpus* may not be used to modify or revise the judgment of conviction," citing *Harlan vs. McGourin,* 218 U.S. 442, and *United States vs. Pridgeon,* 153 U.S. 48, 63. Assuming for the moment the existence of an irregularity in the designation of the sentence imposed on the petitioner, and assuming also that the time of serving the installment periods is in fact ambiguous, such would not entitle the petitioner to a discharge from custody in habeas corpus proceedings by the law of Connecticut. In *Leifert vs. Turkington,* 115 Conn. 600, our Supreme Court of Errors said of a factual situation bearing some, but not a precise, analogy to the instant case (p. 604): "The illegal part of the sentence, imposing the fine upon the petitioner, is clearly severable from the legal part, ordering his confinement in jail for thirty days, and the petitioner is consequently not entitled to be discharged upon habeas corpus until he has served that part of the sentence which was legally imposed upon him." *Abt vs. Walker,* 126 Conn. 218, cited by the petitioner as authority for her proposition of law on this score, is not in point. The *Abt* case considers the scope of the Indeterminate Sentence Act dealing with State Prison offenses under the jurisdiction of the Superior Court, and the eligibility of a prisoner for parole. Manifestly, that case has no bearing on this proceeding.

The controlling factor in this proceeding is that the City Court of New Haven, by virtue of statute, had no alternative

but to impose a jail sentence upon the petitioner for at least 60 days in view of her status as a second offender. In imposing the sentence of 60 days upon the petitioner the court properly complied with the minimum mandatory provision of the statute. Any fatal error thereafter committed by the court arose, if at all, in the incorporation into the judgment of conviction a break-down of the sentence into installment periods. "Under a writ of *habeas corpus* the inquiry is addressed not to errors, but to the question whether the proceedings and the judgment rendered therein are, for any reason, nullities, and unless it is affirmatively shown that the judgment or sentence, under which the petitioner is confined, is void, he is not entitled to his discharge." *United States vs. Pridgeon,* 153 U.S. 48, 62.

I now come to the pith of the only question of law upon which the determination of these proceedings, in the last analysis, depends—was the judgment entered by the City Court of New Haven on June 5, 1941, and the installment sentence therein recited, a void judgment?

The City Court of New Haven unquestionably had jurisdiction of the person of the petitioner and of the subject matter of the statutory offense for which she stood charged in the criminal proceeding in said court on June 5, 1941. Following her conviction on said day of operating a motor vehicle while under the influence of intoxicating liquor on a New Haven highway on May 13, 1941, the assistant city attorney, in compliance with the statute, proceeded to present the petitioner as a second offender by reason of her former conviction for the same offense on February 2, 1939, which conviction arose out of her initial arrest on January 22, 1939. Upon the petitioner's plea of guilty to being a second offender within the meaning of the statute, it became the statutory duty of the presiding judge to sentence her to imprisonment for a minimum term of at least 60 days. Supp. (1939) §496e.

The progenitor of section 496e, Cumulative Supplement, 1939, is section 17 of chapter 85 of the Public Acts of 1911, which provided that "Any person convicted . . . . a subsequent time of operating a motor vehicle while under the influence of intoxicating liquor or drugs, shall be imprisoned not less than six months and not more than two years." Subsequent to 1911 the General Assembly modified the penalty of imprisonment for a second or more offender to read: "Any per-

son [convicted]....for any subsequent offense, shall be im-
prisoned not less than six months nor more than one year."
Gen. Stat. (1930) §1585. In 1939 the General Assembly
further modified the penalty of imprisonment by lessening the
minimum sentence for a second offender and making a distinc-
tion in cases of offenders subsequent to second offenders. This
was the statutory law in effect when the petitioner was before
the bar of the City Court of New Haven on June 5, 1941,
and has been the effective statutory law since March 22, 1939.
Section 496e of the 1939 Supplement to the General Statutes,
the statute in question, so far as is material to the decision in
this proceeding, provides for penalty as follows: "Any person
who shall violate the provisions of this section....*shall be im-
prisoned not less than sixty days nor more than one year for
the second offense, and for any subsequent offense, shall be
imprisoned not less than six months nor more than one year.*"

Hence, the 1939 statute and the second offense penalty there-
in provided, was the statutory status involved in the criminal
case entitled "State of Connecticut vs. Emma Epps."

So also, the status of the petitioner was likewise established.
*State vs. Jones,* 124 Conn. 664, 670. The City Court had
no alternative but to impose sentence of not less than 60 days
on the petitioner and to enter judgment accordingly. The
statute allows no exception, no deviation, no latitude, on the
part of the presiding judge. Since the petitioner had one prior
conviction recorded against her, imprisonment for at least 60
days was mandatory by statutory declaration.

Counsel for the respondent has argued that Judge Weiner
had invested in him certain "discretionary powers" by virtue
of his judicial office. Counsel further argued that the pre-
siding judge had the right to "read into" the statute an implied
term, to wit, that the court need not impose a sentence to be
served on 60 consecutive days but in "installment periods" con-
stituting in all 60 days. In the light of this particular statute
these arguments are not sound.

The City Court of New Haven is a court of limited juris-
diction in criminal cases and its judges should not, in effect,
contravene the "considered legislative judgment." *State vs.
Muolo,* 119 Conn. 323, 326.

What is the "considered legislative judgment" of the Gen-

eral Assembly? It is to penalize severely those persons who are prone to make a practice of operating motor vehicles on Connecticut highways while under the influence of intoxicating liquor or drugs, thus jeopardizing the lives of innocent persons. In *Washburn vs. LaMay*, 116 Conn. 576, 578, our Supreme Court said: "When the legislature has enacted a statute governing the operation of motor vehicles, the terms of which are clear and precise, it is the duty of the courts to apply it in accord with the intent expressed in the Act, without limitation, exception or extension." And in *Bridgeman vs. City of Derby*, 104 Conn. 1, 8, our Supreme Court expressed itself in language admirably adapted to the point under consideration: "The intent of the lawmakers is the soul of the statute, and the search for this intent we have held to be the guiding star of the court." It requires no academic penetration to fathom the intent and design of the General Assembly in enacting the mandatory provision contained in the subject matter of what is now section 496e of the 1939 Supplement to the General Statutes.

To permit a judge of a minor court such as the City Court of New Haven, or a judge in any trial court for that matter, to read into the statute in question a rule of convenience respecting sentence suited to the fancy of a person who has been convicted on two or more occasions of violating that statute, in reality would be to impute "to the lawmakers a subtlety of discrimination which they would probably disclaim." *Cortes vs. Baltimore Insular Line, Inc.*, 287 U.S. 367, 375, quoted by our Supreme Court in *Jewett City Savings Bank vs. Board of Equalization*, 116 Conn. 172, 183, and in *O'Dea vs. Amodeo*, 118 id. 58, 65.

In argument counsel for the respondent cited *In re Taylor*, 140 Cal. App. 102, 34 P. (2d) 1036, as a controlling case. The abbreviated opinion in that case states that one Taylor was convicted of an offense and sentenced to the county jail for 90 days "to be served from 7:00 p.m. of Monday to 6:00 p.m. of Wednesday." The intermediate appellate court, in discharging a writ of habeas corpus, concluded that the sentence of 90 days was valid, "but the instruction to the sheriff to free the prisoner several days of each week was an attempt to grant periods of suspension from the sentence imposed and is void." It is to be noted that the opinion in the case does not specify the character of the offense for which Taylor was con-

victed. Was it under a statute in which a sentence was made mandatory, as in the instant proceeding? The fact that the opinion is silent on this point would indicate the total absence of a mandatory aspect such as we find in section 496e of the 1939 Supplement to the General Statutes, involved in the instant proceeding. Manifestly the California case has no application to the immediate and controlling issue herein involved.

In argument counsel for the respondent suggested that the judgment of the City Court of New Haven entered on June 5, 1941, at least in so far as the manner of sentence is concerned, could be viewed in the nature of a "judgment by consent" and therefore conclusive as to the petitioner irrespective of any technical defect. In view of what has already been said respecting the character of the statute in question, and particularly its mandatory aspect regarding imposition of sentence, this argument requires no extended discussion. Our Supreme Court in *Shaw vs. Spelke,* 110 Conn. 208, 215, recognized a "judgment by consent" as binding between litigants in an action to quiet and settle title to real estate. The doctrine, however, has not been and should not be carried over into the field of criminal law when to do so would violate the express and unequivocal terms of a penal statute.

There is no question but that Judge Weiner, in breaking down the sentence of 60 days to be served by the petitioner on week-ends rather than on 60 consecutive days, was motivated by what he believed to be equitable reasons. In the course of the trial in the City Court the petitioner had testified that she was married and "took care of children." (See paragraph 8, statement of subordinate facts, *supra.*) Although the petitioner has no children of her own, the inference could be drawn from her testimony in the City Court that she was the mother of young children who required her attention. This aspect, coupled with the request of the petitioner's counsel on June 5, 1941, following conviction, that the sentence be served week-ends (see paragraph 7, statement of subordinate facts, *supra*), laid the foundation for the presiding judge to enter a judgment void in law.

We have here a striking situation of an error in law being made because of the exercise of kindness by a judge, followed by a subsequent attitude of the prisoner before the bar which is akin to the perverse. However, habeas corpus is a legal and not an equitable remedy. 29 *C.J. Habeas Corpus* §1.

Therefore, the equitable doctrine of "clean hands" cannot be invoked against the petitioner.

Accordingly, I feel compelled to conclude that the judgment entered by the City Court of New Haven on June 5, 1941, was vitiated by the week-end variety of sentence imposed by the court on the petitioner and made a part of the judgment. Since the judgment, in legal effect, was a nullity, there can be no legal efficacy attaching to the *mittimus* issued by the assistant clerk of that court and directed to the respondent as his warrant for confining the petitioner.

The conclusion herein reached is expressly confined to those cases involving a mandatory sentence under section 496e of the 1939 Supplement to the General Statutes, such as the case of "State of Connecticut vs. Emma Epps", which I have been considering at considerable length in this proceeding. It is to be observed that the minor courts, in the main, are called upon to enter judgments in those misdemeanor cases wherein such courts, by statute, have the option of imposing a fine, or a jail sentence, or both, upon a convicted person. Section 1463e of the 1939 Supplement to the General Statutes, amending section 6487 of the General Statutes, Revision of 1930, further provides that in cases within its jurisdiction any criminal court or judge holding such court may even suspend execution of sentence except in four types of cases, one of the exceptions being *"Cases of conviction of the operation of a motor vehicle while under the influence of intoxicating liquor when the accused shall have been convicted of a like offense by a court of this State within a period of six years immediately preceding."* The three other excepted types of cases are those of Superior Court jurisdiction. Nothing further is required to be said on this point.

Whether or not further proceedings may be had in the City Court of New Haven respecting the case entitled "State of Connecticut vs. Emma Epps" is a matter upon which I am not required to express an opinion. The decision in this proceeding is concerned solely with the validity of the judgment entered by the City Court on June 5, 1941, and matters comprising that judgment and made a part thereof.

In view of all the foregoing, therefore, the petitioner necessarily prevails in this proceeding and judgment will enter accordingly.